KESSLER et al. v. HERKLOTZ et al.

(Supreme Court, Appellate Division, First Department. May 14, 1909.)

1. BANKRUPTCY (§ 156*)—LIABILITY OF TRUSTEE FOR COSTS—STATUTES.

Under Code Civ. Proc. § 3247, providing that a transferee of a pending cause of action shall be liable for costs, etc., a trustee in bankruptcy, if liable at all, is not responsible for more costs in an action by the bankrupt pending at the time of the institution of the bankruptcy proceedings than accrued in the action after he became trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 246; Dec. Dig. § 156.*]

2. BANKRUPTCY (§ 156*)—ACTIONS BY OR AGAINST TRUSTEES.

A trustee in bankruptcy need not intervene in a pending action by or against the bankrupt, and, though all rights of action in favor of the bankrupt arising on a contract vest in the trustee under Bankr. Act July 1, 1898, c. 541, § 70a, subd. 6, 30 Stat. 566 (U. S. Comp. St. 1901, p. 3451), he may allow the actions to proceed without intervention, and accept the fruits if successful.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

3. BANKRUPTCY (§ 156*)—ACTIONS BY OR AGAINST TRUSTEES.

Under Bankr. Act July 1, 1898, c. 541, § 11c, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), providing that a trustee may with the approval of the court prosecute a suit commenced by the bankrupt prior to the adjudication, etc., a trustee in bankruptcy should not even on his own application be substituted as a party to a pending action by or against the bankrupt until he has obtained the approval of the federal court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

4. BANKRUPTCY (§ 156*)—LIABILITY OF TRUSTEES FOR COSTS.

Where a trustee in bankruptcy did not accept a pending action by the bankrupt, and was not authorized by the federal court to intervene, and the defendants did not bring the action to trial in reliance on the responsibility of the trustee, the trustee was not responsible for the costs on defendants recovering judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

Appeal from Special Term, New York County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Alfred' Kessler and others against John D. Herklotz and others. From an order directing Lawrence E. Sexton, as trustee in bankruptcy of plaintiffs, to pay costs awarded to defendants by a judgment against plaintiffs, he appeals. Reversed.

See 115 App. Div. 522, 101 N. Y. Supp. 418; 190 N. Y. 24, 82 N. E. 739.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

G. H. Gilman (S. J. Rosensohn, on the brief), for appellant.
Marshall Stearns (George A. Strong, on the brief), for respondents.

LAUGHLIN, J. This action was brought to recover $35,000 and interest for moneys had and received. Upon the trial a verdict was directed for the plaintiff, and the exceptions were ordered heard in the first instance at the Appellate Division, where judgment was ordered for the plaintiff on the verdict. On November 19, 1907, this judgment was reversed by the Court of Appeals, 190 N. Y. 24, 82 N. E. 739. During the pendency of the case on appeal in the Court of Appeals and on the 30th day of October, 1907, the plaintiffs made an assignment for the benefit of their creditors, and thereafter and on the 8th day of November of the same year a petition was filed in the district court of New York by creditors to have them adjudged bankrupts, and the appellant was on that day appointed receiver in bankruptcy, and on the 30th day of December thereafter was duly elected trustee in bankruptcy. Prior to the appointment of the receiver in bankruptcy, the cause had been argued in the Court of Appeals by counsel representing the plaintiffs. Neither the receiver nor the trustee in bankruptcy took any part in the conduct of the case until after the decision of the Court of Appeals reversing the judgment and awarding a new trial with costs to abide the event. After the decision of the Court of Appeals the attorney for the plaintiffs conferred with the appellant with respect to the advisability of trying the cause again and urged that course, and on the 14th of April, 1908, he transmitted to the appellant a notice of motion served in behalf of the defendants to have the cause placed upon the call calendar in order to have it set down for trial. The appellant, on receiving this notice of motion, conferred with his counsel, Mr. Macfarlane, and wrote the attorney for the plaintiffs, returning the notice and stating, in substance, that:

He "was quite willing to have the case retried on behalf of the late firm of Kessler & Co. upon the understanding that leave of the bankruptcy court be obtained if that is necessary, and that, in the event of plaintiffs' failure to obtain a favorable judgment, no charges for professional services be made against the estate of Kessler & Co., or against me as trustee thereof. On the other hand, should you succeed on behalf of the plaintiffs, I shall recommend a liberal compensation for your services out of the proceeds of any judgment which might be obtained. I write this so that we may both have some memorandum of the matter. I have not had occasion to look up the question of whether or not application should be made to the United States District Court for leave to continue this action in my name as trustee. If such leave be necessary, I suggest that you communicate upon the subject with Mr. Macfarlane, and arrange with him as to the making of such application and obtain the order therefor."

Nothing further was done by or at the instance or with the knowledge or approval of the appellant. On the 5th day of November, 1908, he received a letter from the attorney for the plaintiffs, stating that the cause had been tried and decided adversely to the plaintiffs, and that it was not advisable to proceed further. He therefore gave the cause no further attention, and he paid nothing to the attorney for the plaintiffs. It appears that the attorney for the plaintiffs did not communicate with counsel for the appellant, and that no order was obtained from the bankruptcy court permitting the appellant to be substituted in or to continue the action, nor was any application ever made for such order or authority on behalf of either party to the action. The last trial took place on the 28th and 29th days of October, 1908, and the plaintiffs apparently were represented as before by their attorney. They were nonsuited at the close of their case, and the court awarded an extra allowance of $500. Judgment was thereafter entered on the 9th day of November, 1908, dismissing the complaint and awarding the defendants judgment against the plaintiffs for $1,073.38; that being the amount of the taxable costs and disbursements and the extra allowance. The defendants thereafter on notice to appellant duly made a motion to compel him to pay the costs awarded by the judgment. This motion was based upon section 3247 of the Code of Civil Procedure, which provides as follows:

"Where, after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person, not a party to the action, the transferee, or other person so interested, is liable for costs, in the like cases, and to the same extent, as if he was the plaintiff; and where costs are awarded against the plaintiff, the court may, by order, direct the person so liable to pay them. Except, in a case where he could not have been lawfully directed to pay costs, personally, if he had been a party, as prescribed in the last section, his disobedience to the order is a contempt of court."

Upon no theory should the appellant have been held responsible for more than $60.65, the amount of the costs which accrued in the action after he became trustee. Norton v. Switzer, 93 U. S. 355–366, 23 L. Ed. 903; Reade v. Waterhouse, 52 N. Y. 587, 589. It is manifest that the extra allowance was made principally, if not wholly, on account of the prior proceedings in the action. We are of opinion, however, that the appellant is not liable for any part of the costs. He did not become a party to the action, and he did not accept the subject-matter of the litigation as an asset, nor did he intend to become in any manner responsible for the litigation without the authority of the federal court, if that was necessary. It is well settled that the trustee in bankruptcy is not obliged to intervene in a pending action by or against the bankrupt. This is upon the ground that it may not be for the interests of the estate to make any claim on account of the matter in controversy, and that the trustee in such circumstances may elect to abandon any claim thereto. Fleming v. Courtenay, 98 Me. 401, 57 Atl. 592, 99 Am. St. Rep. 414; Hahlo v. Cole, 112 App. Div. 636, 98 N. Y. Supp. 1049. All rights of action in favor of the bankrupt arising on contract vest in the trustee by virtue of the provisions of section 70a, subd. 6, of the federal bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]). He may, however, allow

them to proceed without intervention and accept the fruits if success-ful. See Bankr. Act 1898, § 64b; In re Little River Lumber Co. (D. C.) 101 Fed. 558; Griffin v. Mut. Life Ins. Co., 119 Ga. 664, 46 S. E. 870. The Congress, however, intended that the trustee should not in-tervene in pending litigation without the approval of the court, for section 11c of the bankruptcy act does provide as follows:·

"A trustee may with the approval of the court be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication with like force and effect as though it had been commenced by him."

The district court in this district has held this to be the true con-struction of the statute. In re Price (D. C.) 92 Fed. 987. This court upon that theory has held that a trustee in bankruptcy, even on his own application, should not be substituted as a party to a pending action by or against the bankrupt until he has obtained the approval of such course by the federal court, Hahlo v. Cole, supra. The cause of action was not transferred to the appellant individually, but, if devolved upon him at all, it was in his official capacity. The court, therefore, if au-thorized to hold him liable for the costs, may only do so in his official capacity, but, since in his official capacity he did not accept the cause of action and was not authorized by the court to intervene in the ac-tion, there is no authority for holding him liable for the costs. No order that this court could make in the circumstances would be of any protection to the trustee on his accounting in the bankruptcy court. The defendants did not bring this action to trial the last time, relying upon the responsibility of the trustee in bankruptcy. They had no assurances from him, and he has done nothing by which he is estop-ped from saying that as trustee in bankruptcy he has taken no part in the prosecution of this action by which he is responsible for costs. It therefore becomes unnecessary to decide whether the transfer by operation of law on the appointment of the trustee in bankruptcy is such a transfer as is contemplated by the provisions of section 3247 of the Code of Civil Procedure, and, as that may be doubtful (Heath-er v. Neil, 14 N. Y. Wkly. Dig. 46), we refrain from expressing any opinion.

It follows, therefore, that the order should be reversed with $10 costs and disbursements, and motion denied, with $10 costs. All con-cur.