In the Matter of the Application of FANNY E. KROOKS, Appellant.
WILLIAM W. CONRAD, Respondent.

(Submitted September 28, 1931; decided November 17, 1931.)

*Maurice Janklow* and *Louis A. Rosenstein* for appellant. The relation of attorney and client may be terminated at the will of the client, with or without cause, and the client thereupon becomes liable for the reasonable value

of the attorney's services, up to the time of the termination of the relation. (*Martin* v. *Camp*, 161 App. Div. 610; 219 N. Y. 170; *Matter of City of New York*, 174 App. Div. 853; 219 N. Y. 192; *Matter of Driscoll*, 131 Misc. Rep. 613; *Andrewes* v. *Haas*, 214 N. Y. 255; *Matter of Dunn*, 205 N. Y. 328; *Matter of Robbins*, 189 N. Y. 422; *Tenney* v. *Berger*, 93 N. Y. 524; *Bathgate* v. *Haskins*, 59 N. Y. 535; *Gustine* v. *Stoddard*, 23 Hun, 99; *Johnson* v. *Ravitch*, 113 App. Div. 810; *A. C. C. Works* v. *Dillon*, 111 App. Div. 418.) The appellant terminated the relation of attorney and client prior to complete performance by the respondent. (*Corcoran* v. *Kellogg Structural Co.*, 175 App. Div. 396; *Matter of Levy*, 214 N. Y. 168; *Matter of Reisfeld*, 187 App. Div. 223; 227 N. Y. 137.)

*Samuel Rubin* and *William W. Conrad* for respondent. The agreement between appellant and respondent having been fairly entered into is valid and enforceable. (*Rodkinson* v. *Haecker*, 248 N. Y. 480; *Morehouse* v. *Brooklyn Heights R. R. Co.*, 123 App. Div. 680; *Matter of Liebergall*, 189 App. Div. 681; *Matter of Fitzsimmons*, 174 N. Y. 15; *Weeks* v. *Gattell*, 125 App. Div. 402; 193 N. Y. 681; *Matter of Flannery*, 150 App. Div. 369; 212 N. Y. 610; *Matter of Edgecombe Road*, 128 App. Div. 432; *Bermant* v. *Keveney*, 88 Misc. Rep. 527; 170 App. Div. 898; *Burke* v. *Baker*, 111 App. Div. 422; *Ferris* v. *Lawrence*, 138 App. Div. 541; *Wendel* v. *Binninger*, 132 App. Div. 786.) The right of appellant to discharge the respondent, at any time, with or without cause, does not affect her obligation to pay in accordance with the agreement, where the services to be rendered thereunder were substantially performed. (*Martin* v. *Camp*, 219 N. Y. 170.)

O'BRIEN, J. Fanny E. Krooks owned real estate assessed at $25,000, title to which the city of New York acquired by condemnation. By written contract, she retained William W. Conrad as her attorney to take such

proceedings as might be necessary " in connection with the collection of any award or the payment of any compensation resulting from the condemnation," and by that contract she agreed to pay him all moneys in excess of $38,000 " which may be paid to me or my assigns as a result of said proceedings." On this record a finding could properly be made that Mr. Conrad faithfully performed services as her attorney and that he acted with such energy and skill that the justice at Special Term before whom the condemnation proceeding was conducted stated in a memorandum that the sum of $46,500 was awarded by him for the Krooks property. Two days after the publication of that memorandum Mrs. Krooks canceled her retainer and on the following day instituted this proceeding to set aside the written agreement and to determine the attorney's lien. The application in so far as it sought to set aside the agreement was denied. Without taking evidence in relation to the value of the attorney's services, the lien was fixed " at the amount set forth in said agreement of retainer of October 22, 1929, to wit, the sum over and above $38,000, which may be paid to the said Fanny E. Krooks, or her assigns, as a result of said condemnation proceedings."

A client may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney. (*Tenney* v. *Berger*, 93 N. Y. 524, 529; *Matter of Dunn*, 205 N. Y. 398, 402; *Matter of Paschal*, 77 U. S. 483, 496.) Even in the presence of a definite agreement the client's right persists. Cancellation by him cannot constitute a breach of contract, for implied in every such agreement is the right to discharge. (*Martin* v. *Camp*, 219 N. Y. 170; *Johnson* v. *Ravitch*, 113 App. Div. 810, 812.) The decisions in this State rest upon the familiar principle that the peculiar relationship of trust and confidence which ought to exist between attorney and client injects into the contract special and unique features. Whatever may be the law in other jurisdictions, it is

clearly settled in New York. (*Martin* v. *Camp, supra.*) Assuming that the rule were to be narrowed to the extent of allowing cancellation only in those instances where the attorney's services had not been substantially completed (*Matter of City of New York,* 219 N. Y. 192, 194), it would now in this case require application. Before services by the attorney under the agreement could be held to be fully performed, at least an award to the client must have become final and determinate. Whether the justice at Special Term ever signed even a tentative decree or, if he did issue such a mandate, whether it was followed by a final decree, does not appear from the record. In the event that a final decree was entered, the record is silent whether the city took an appeal. All we can know from the record is that, by memorandum, the Special Term indicated an intention to enter an order fixing the value of appellant's real estate at the sum of $46,500. The attorney's compensation under the written agreement was contingent upon collection of an award in excess of $38,000, and concededly at the time of the cancellation of the retainer and the institution of this proceeding no such award had been collected. Not even had such a final award been made. It may never be collected. Under all the authorities, therefore, respondent's services are not shown to have been so nearly completed as to preclude the client from the discharge of her attorney and the retainer of a different one.

The client's right to control her retainer does not permit her to cheat her attorney. (*Matter of Levy,* 249 N. Y. 168, 170.) If the attorney shall be paid the reasonable value of his services, no cheating will occur. The contract has been canceled and its terms cannot establish the standard for compensation. Indeed, the agreement of retainer may prove to the attorney an extremely unjust guide for ascertaining his worth. If a final award has been made, if an appeal has been taken and if such an award has been or shall be substantially reduced, the

compensation for which the agreement provides might result in a grossly inadequate sum. A reduction in the award to an amount slightly in excess of $38,000 would leave the attorney's services with paltry recognition. A reduction to a sum below that stipulated amount would give him nothing in return for industry, skill, studious research, long days in court and fidelity to his client's interests. *Quantum meruit* is the rule to apply. (*Matter of City of New York*, 219 N. Y. 192.)

The order of the Appellate Division and that of the Special Term should be reversed, without costs to either party, and the matter remitted to the Special Term with directions to take testimony in relation to the value of the attorney's services and to fix the lien therefor.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and HUBBS, JJ., concur; CRANE, J., dissents upon the ground that there was substantial compliance with the contract.

Ordered accordingly.