ISAAC MENDELSOHN, Respondent, v. JOSEPH ROSENBERG, Appellant; HARRY GLEICH and Others, Respondents.— Amended judgment and order unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

MIDLAND BEACH COMPANY, Respondent, v. GRAHAM MIDLAND Co., INC., and Others, Appellants, and CHEMICAL BANK AND TRUST COMPANY and Others, Defendants.— Order striking out amended answer and granting motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ., concur.

CATHERINE MONOCK, as Administratrix, etc., of JOHN J. MONOCK, JR., Deceased, Respondent, v. THE GRASSELLI CHEMICAL COMPANY, Sued as GRASSELLI CHEMICAL Co., INC., and Another, Defendants. EARL C. BERGER, Former Attorney for Plaintiff, Appellant.— Order modifying order of April 15, 1932, by reducing the amount of the attorney's lien, reversed on the law and the facts, without costs, and the matter remitted to the Special Term to take testimony as to the reasonable money value of Mr. Berger's services and to award to him a lien for the amount found. (Matter of Krooks, 257 N. Y. 329; Matter of Tillman, 259 id. 133.) Lazansky, P. J., Young and Hagarty, JJ., concur; Scudder and Davis, JJ., vote to reverse and to deny the motion to modify on the ground that the court at Special Term was without power to make the order of March 5, 1934, appealed from, modifying its order of April 15, 1932, no appeal having been taken from the latter order and the time to appeal therefrom having long expired. The modification made went to the substantial rights of appellant and was not in correction of a clerical error or miscalculation.

EDWARD MULLOWNEY and Another, as Executors, etc., of LENA KECK, Deceased, Respondents, v. VIRGINIA VAN BOKKELEN, Appellant, Impleaded with Others, Defendants. MAUD McCARTHY, Receiver, Respondent.— Order denying motion of Virginia Van Bokkelen to vacate order appointing receiver and to require the receiver to pay over moneys paid to the receiver by Virginia Van Bokkelen, and order on reargument, reversed on the law and the facts and the motion granted to the extent of requiring the receiver to pay over to Virginia Van Bokkelen the balance in her hands, amounting to $391.98, without costs. The money was paid under a mistake of law, but since the moneys are still in the hands of an officer of the court the moneys thus mistakenly paid may be required to be returned, less fees and expenses properly allowed against them while in the receiver's hands. (Gillig v. Grant, 23 App. Div. 596; Matter of H. P. S. F. Association, 129 N. Y. 288; Ex Parte Simmonds, In re Carnac, L. R. 16 Q. B..308.) Section 1083-a, Civil Practice Act, as amended by chapter 562, Laws of 1934, applies only to moneys properly and legally in the hands of a receiver. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

JAMES MURPHY, an Infant under the Age of Fourteen Years, by ROSE MURPHY, His Guardian ad Litem, and Another, Appellants, v. 16 ABINGDON SQUARE REALTY CORPORATION, Respondent.— Judgment reversed on the law and a new trial granted, costs to appellants to abide the event. In our opinion the questions of negligence and contributory negligence should have been submitted to the jury. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.