In the Matter of the Estate of JAMES H. MONTGOMERY, Deceased.

MARGUERITE MONTGOMERY, as Executrix, etc., of JAMES H. MONTGOMERY, Deceased, Respondent; EVERETT K. VAN ALLEN, Appellant.*

Fourth Department, December 23, 1935.

*Weldgen, Newton & Boyle* [*N. J. Weldgen* of counsel], for the appellant.

*MacFarlane & Harris* [*William MacFarlane* of counsel], for the respondent.

LEWIS, J. An attorney at law appeals from a decree of the Surrogate's Court which fixes his compensation for legal services rendered in aid of the administration of a decedent's estate. (Surr. Ct. Act, § 231-a.)

James H. Montgomery died November 22, 1922, leaving an estate in excess of $600,000. For a period of more than six months following the decedent's death, the appellant, Everett K. Van Allen,

---

* Revg. 156 Misc. 583. See, also, 158 Misc. 412.

performed legal services essential to the proper administration of the estate. At the end of that period he entered into a written contract with the executrix by which he agreed to perform the legal services necessary to liquidate the estate of the testator before February 1, 1935, for the sum of $5,000, including services already rendered.

The surrogate has found that on December 14, 1934, when the appellant's services under the contract had been substantially performed, the executrix, "without adequate cause, but in the due exercise of her 'implied' legal rights as a client, discharged said attorney;" that the appellant's legal work for the estate had been "well and substantially done," and that he "was not at fault in any way that justified his discharge." There is also a finding that, when computed without regard to the contract, "the reasonable value of the attorney's services up to the discharge [was] thirteen thousand dollars."

Upon the findings thus made the surrogate drew the conclusion that, despite the discharge of the appellant by the executrix before the completion of his services under their agreement, the "contract [of employment] remains in full force and effect, for every purpose within the contemplation of the parties, consistently with the client's right to quit or to duly discharge" the attorney. The decree which followed fixes the appellant's compensation at the sum of $4,166.66, which was computed by deducting from the contract price of $5,000 the sum of $833.34, which is found to be the proportionate contract value of one-sixth of the agreed work remaining to be done.

We are in accord with the surrogate's ruling that the summary discharge of the appellant by the executrix did not constitute a breach of contract between them. The nature and character of a contract of employment of an attorney by a client presents unique features. The peculiar element of trust and confidence which that relation implies has prompted the rule of law which is firmly established in this State that a client may discharge his attorney at any time and for any cause satisfactory to himself, however arbitrary. (*Matter of Krooks*, 257 N. Y. 329, 331; *Martin* v. *Camp*, 219 id. 170, 174, 175; *Matter of Dunn*, 205 id. 398, 402; *Tenney* v. *Berger*, 93 id. 524, 529.) Under this rule the right of the executrix to terminate her agreement with the appellant at any time, with or without cause, was implicit in the contract. (*Matter of Krooks, supra*, p. 331; *Martin* v. *Camp, supra*, p. 174.)

We are not in agreement, however, with the surrogate's ruling that notwithstanding the discharge of the appellant the contract by which the executrix retained him as her counsel was still effective for the purpose of fixing the maximum value of the services he had

rendered. When the executrix chose to discharge the appellant before his services were completed under their agreement, she abrogated the entire contract and the agreed price for such services was no longer a controlling factor between the parties. " The client is entitled to cancel his contract of retainer but such an agreement cannot be partially abrogated. Either it wholly stands or totally falls." (*Matter of Tillman*, 259 N. Y. 133, 135; *Matter of Snyder*, 190 id. 66, 75.)

We also regard it as settled law that following the discharge of an attorney by his client the contract of employment thus terminated may not properly be made the basis of a suit for his resulting damages. If, as already pointed out, a client has the implied right to terminate the contract at any time, it must follow that he cannot be held in damages for exercising that right. The rule is that " in such a case the attorney may recover the reasonable value of the services which he has rendered but he cannot recover for damages for the breach of contract." (*Martin* v. *Camp, supra*, p. 174.) Nor is the attorney's compensation for services limited by the agreed price fixed by the terms of the contract previously terminated. "After cancellation, its terms no longer serve to establish the sole standard for the attorney's compensation. Together with other elements they may, however, be taken into consideration as a guide for ascertaining *quantum meruit.*" (*Matter of Tillman, supra*, p. 135.) Again it has been said: " The contract [of employment] has been canceled and its terms cannot establish the standard for compensation. Indeed, the agreement of retainer may prove to the attorney an extremely unjust guide for ascertaining his worth. * * * *Quantum meruit* is the rule to apply." (*Matter of Krooks, supra*, pp. 332, 333. See, also, *Matter of Weitling*, 266 N. Y. 184, 186; *Matter of Snyder, supra*, p. 75; *Matter of Tillman, supra*, p. 135. Cf. 3 Williston Cont. § 1459, p. 2596.)

We conclude that the appellant is entitled to compensation in an amount equal to the fair and reasonable value of the services actually rendered by him to the date of his discharge, with interest from that date. (Civ. Prac. Act, § 480.) To that end — and in view of the fact that the appeal has been limited to questions of law — the decree should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur, SEARS, P. J. and CROSBY, J., in result. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Decree reversed on the law and a new trial granted, with costs to the appellant to abide the event.