DAVID E. TOPLITZ, Plaintiff, *v.* CATHARINE MCCANN and IRENE McCANN WILSON, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, May 10, 1937.

*Charles Fay* and *David E. Toplitz,* in person, for the plaintiff.

Defendants in person.

LEWIS (JOHN M.), J. This action was brought to recover compensation for legal services rendered to the defendants. The plaintiff claims $250 for representing one of the defendants as petitioner for letters of administration in the estate of her mother, and $350 for instituting a partition action. The realty which he would partition constitutes almost the entire estate left by the mother. It is assessed at $15,000 for the purpose of taxation. A written retainer is in evidence, admittedly signed by both defendants, who are sisters. It provides for a fee of $350 for bringing the partition action " if necessary." At the time the retainer was signed, the petition for letters of administration was before the Surrogate's Court of Bronx county, a brother of the petitioner having contested her appointment. Without waiting for a determination by the surrogate, the plaintiff brought the action of partition in the Supreme Court. When he asked the sisters to sign the complaint therein, they asked why he did not wait for the hearing and determination of the contested application for letters of admin-

istration. From his testimony, plaintiff's explanation was that the proceedings in the Surrogate's Court would prevent a sale of the real estate for approximately two years, and a partition action would be more expeditious. After the sisters had signed the complaint, plaintiff proceeded with the partition action to a point where service of the complaint had been made on all but one of the parties, when the surrogate awarded letters of administration to the brother after a hearing. Whereupon, his clients discharged him from acting any further as their attorney. This they had a right to do, despite the retainer, and the rule of *quantum meruit* must be applied in determining the attorney's fees. (*Matter of Krooks*, 257 N. Y. 329; *Matter of Montgomery*, 272 id. 323.)

The plaintiff's testimony convinced me that he believes the partition action to be his clients' best remedy. However sincere, that belief is mistaken. Since the revision of the laws of estates (Laws of 1929, chap. 229), real property which has descended at death can most expeditiously be sold for the purposes of distribution by proceedings in the Surrogate's Court. The descent has been made subject to the right of the administrator to manage the realty, and to sell it for the purposes of distribution after judicial approval by the surrogate (Surr. Ct. Act, art. 13). In its original report, the Commission on Laws of Estates said, " this method for the disposition of real estate will expedite the distribution of an estate and avoid complicated and expensive real estate proceedings or actions for partition." (Legis. Doc. 1930, No. 69, p. 89.) Under the provisions of section 233 of the Surrogate's Court Act, an application for leave to sell the realty may be made at any time within eighteen months from the date when letters first issued to an executor or administrator, or upon an accounting. Section 236 thereof, as amended, provides that the petition for a sale may be filed by the administrator, *or by any person interested*. The surrogate may make an order directing the administrator to sell the realty, upon return of the citation issued on such petition. (§ 238.) By the provisions of section 242, if a proceeding were brought within six months from the grant of letters distribution after sale could be had after the time for the presentation of claims as fixed by a notice duly published had expired, or seven months had expired since letters first issued.

It will thus be seen that plaintiff was in error when he insisted on bringing the partition action, especially when the defendants suggested that he await the surrogate's determination. Their testimony was to the effect that they were interested primarily in the application for letters and so told the plaintiff; Mrs. Wilson adding that she desired only to consent to her sister's appointment

Since the award of letters to the brother he has been managing the realty and collecting the rents thereof, in accordance with new section 123 of the Decedent Estate Law. His sisters are quite satisfied with his management of the realty, and doubt if they will want a sale.

Plaintiff, in his proof, relied almost entirely on his services in the ill-advised partition action which, because it was unnecessary, was not authorized by the agreement of retainer. In the administration proceeding he appeared three times, before his client was denied letters. His fee for those appearances is fixed at fifty dollars; his disbursements are allowed in the sum of twenty-two dollars and fifty cents; and he is awarded judgment for seventy-two dollars and fifty cents as against the defendant McCann. Complaint dismissed as against the defendant Wilson.