### In re PRUDENCE CO., Inc.
### No. 247.

Circuit Court of Appeals, Second Circuit.
April 11, 1938.

158

Alfred T. Davison, of New York City (Martin A. Schenck, Orrin G. Judd, and Alfred T. Davison, all of New York City, of counsel), for appellant.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Milton C. Weisman, Irving Rozen, and Hubert Margolies, all of New York City, of counsel), for trustees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

In 1931, the Prudence Company retained Alfred T. Davison as its attorney to enforce its rights under a surety bond guaranteeing completion of an apartment hotel, for the construction of which the Prudence Company had made large advances. Litigation conducted by Mr. Davison resulted in a judgment for some $780,000, from which the defendants appealed. While the appeal was pending, the Prudence Company filed its petition for reorganization under section 77B, 11 U.S.C.A. § 207, and trustees were appointed for the debtor on February 1, 1935. They proposed to Mr. Davison that he become their attorney and continue the litigation upon terms which would give the bankruptcy court power to determine his compensation; but he stood upon his original retainer, under which he was to receive 25 per cent. of any recovery, and the trustees, without either affirming or disaffirming his contract of retainer, permitted him to continue prosecution of the action. After

a second trial,* judgment for $261,377.06 was entered in the name of the debtor. On July 21, 1936, the judgment was paid by check drawn to the order of the debtor's trustees and Mr. Davison, and this sum was deposited in a bank account in their joint names. Shortly thereafter, Mr. Davison moved in the reorganization proceedings for an order permitting him to receive 25 per cent. of the deposit, namely, $65,344.26, in satisfaction of his lien for fees. The matter was referred to a special master, who reported that Mr. Davison was entitled to $50,000, with interest from July 20, 1936, for services performed prior to the filing of the debtor's reorganization petition and to no compensation whatever for services rendered thereafter. The district court ordered payment of the $50,000 without interest.' From this order both Mr. Davison and the debtor's trustees have appealed.

■ Where an attorney has brought suit on behalf of a bankrupt, the filing of a petition in bankruptcy does not terminate his employment nor stay the pending suit. Section 11c of the Act, 11 U.S.C.A. § 29(c), permits the bankrupt's trustee, with the approval of the court, to prosecute as trustee any such suit with like force and effect as though it had been commenced by him. If the trustee takes over the prosecution, he may employ his own attorney; or, electing not to take over the prosecution, he may allow the suit to be continued by the bankrupt and later claim the fruits of any recovery. Johnson v. Collier, 222 U.S. 538, 540, 32 S. Ct. 104, 56 L.Ed. 306; In re Olsen, 2 Cir., 70 F.2d 253, 254. In the case at bar the debtor's trustees chose the latter course. They did not intervene in the pending suit, nor employ Mr. Davison as their attorney; they merely allowed him to perform his contract of retainer with the debtor. By so doing they would be able to obtain the benefit of such judgment as the debtor might finally obtain without subjecting the estate to liability for past or future services of the attorney or for costs, in case the suit should fail. See Kessler v. Herklotz, 132 App. Div. 278, 117 N.Y.S. 45. It is true, the trustees did not abandon the cause of action as an asset of the estate. They kept themselves informed of the progress of the litigation, and after allowance of the writ of certiorari by the Supreme Court, Prudence Co. v. Fidelity & Deposit Co., 296 U.S. 566,

56 S.Ct. 123, 80 L.Ed. 399, they repaid to Mr. Davison the costs advanced by him, and after final judgment repaid his other advances. But this did not make him their attorney. He had refused their offer of employment and was not subject to their direction. As we have said, they allowed him to continue as the debtor's attorney with the intention, as both parties understood, of taking the benefit of any recovery which the debtor might make.

■ The District Court held that Mr. Davison was forbidden to act as attorney for the debtor by the order of February 1, 1935; and for this reason denied him compensation for services rendered thereafter. Paragraph 15 of the order authorized the trustees "to institute or prosecute * * * all such suits and proceedings as may be necessary in their judgment for the recovery or protection of the properties or rights of the debtor." This gave the court's approval, required by section 11(c), to intervention by the trustees if they deemed it necessary, but certainly it did not require them to intervene if in their judgment it was advantageous to the estate to have the debtor continue prosecution of a pending action. Paragraph 17 of the order restrained "the debtor, its * * * attorneys * * * and all persons * * * whether creditors or claiming to be creditors or having or claiming to have any right, title or interest * * * from interfering with, attaching, garnisheeing, levying upon, or enforcing liens upon, or in any manner whatsoever disturbing any portion of the assets * * * belonging to or in the possession of the debtor or of the trustees, * * * or from instituting or prosecuting * * * any action * * * against the debtor or the trustees." The primary purpose of this paragraph was to prevent claimants from suing the debtor or interfering with assets which the trustees wished to administer. It should not be construed to forbid the debtor and its attorney from continuing litigation which the trustees elected not to prosecute and from which the estate could benefit, if it succeeded. The subject of intervention by the trustees in such suits had already been dealt with in paragraph 15, leaving the matter of intervention to their discretion. The general language of 17 should not be read to contradict the specific provisions of the earlier

---

* The first judgment was reversed and the cause remanded for a new trial. Prudence Co. v. Fidelity & Deposit Co., 2 Cir., 77 F.2d 834, modified in 297 U.S. 198, 56 S.Ct. 387, 80 L.Ed. 581.

paragraph. To read it as forbidding the debtor to continue the action even though the trustees elected not to prosecute it, would mean that the court in effect directed repudiation of Mr. Davison's fee contract, thereby subjecting the estate to a quantum meruit for his services to that date, whether or not the action should ultimately result in recovery. That certainly was not intended; neither the existence of the judgment, the pendency of the appeal therefrom, nor the terms of the attorney's retainer were before the court when the order of February 1st was entered. Consequently, we think there was no violation of the terms of the order by Mr. Davison's prosecution of the litigation on behalf of the debtor in subordination to the right of the trustees to claim the fruits of success.

Nor was there any violation of General Orders 42 and 44, 11 U.S.C.A. following section 53 or of Rule 5 of the Eastern District Bankruptcy Rules. They do not apply to this situation. Mr. Davison was not appointed attorney for the trustees; his services were performed under his contract of retainer with the debtor.

When the debtor's petition in reorganization was filed, Mr. Davison had as security for his fees a charging lien on his client's cause of action and a retaining lien on papers of his client which came into his possession in the course of his professional employment. Bankruptcy does not invalidate such liens. In re Baxter & Co., 2 Cir., 154 F. 22; In re Allied Owners' Corporation, 2 Cir., 72 F.2d 255; In re San Juan Gold, Inc., 2 Cir., 96 F.2d 60, opinion filed April 4, 1938. Had the trustees intervened in the action and discharged Mr. Davison, as they were privileged to do, they would have had to pay, or provide security for paying, the reasonable value of the services performed to the date of his discharge, regardless of the outcome of the action. Matter of Tillman, 259 N.Y. 133, 181 N.E. 75; Matter of Montgomery's Estate, 272 N.Y. 323, 6 N.E.2d 4, 109 A.L.R. 669. This value has been found to be $50,000. The trustees would also have incurred liability for the future services of their attorney so that the total fees of both attorneys would doubtless have run well above the fee now claimed by Mr. Davison. Of course, the trustees might have retained Mr. Davison as their attorney if they had come to terms with him; but this they did not do. His rejection of their proposal to let the court fix his fees, was in no sense a denial of their right to take over prosecution of the action or an interference with their administration of the estate. Their right to intervene and discharge him remained unimpaired. In deciding not to do so but to allow the action to be continued by the debtor with the risk of failure being carried by the debtor's attorney, the trustees exercised sound judgment. Success having been achieved, they can reap the benefit of the judgment, but they take it subject to the attorney's charging lien. His contract with his client provided for 25 per cent. of the recovery, amounting to $65,344.26. We do not think the so-called scrutiny clause at the end of section 77B(b) (10), 11 U.S.C.A. § 207(b) (10), permits the court to disregard the terms of the contingent fee retainer under which the attorney was employed by the bankrupt. Mr. Davison was not representing "any creditor acting under this section" as was the attorney whose fee was considered in the case of In re McCrory Stores Corporation, 2 Cir., 91 F.2d 947. But were the opposite view to be taken, there can be no doubt that, since the court allowed $50,000 as the value of services rendered prior to February 1, 1935, a quantum meruit for the services rendered thereafter would equal the balance of Mr. Davison's claim. Under either theory, therefore, he should have the amount claimed. He is also entitled to interest on $65,344.26 from July 20, 1936, the date of demand. In re Gotham Can Co., 2 Cir., 48 F.2d 540, 542; Matter of Montgomery's Estate, 246 App.Div. 495, 497, 284 N.Y.S. 5. The amount of the fee being liquidated by the terms of the contract of retainer there was no occasion for a reference and the cost thereof should be borne by the trustees. The order is modified as above indicated and, so modified, is affirmed.