**D & D CO. v. CLAPPER.**

No. 5447.

United States District Court.
W. D. Missouri, W. D.

Nov. 16, 1949.

Hershel H. Goodman, of Kansas City, Mo. (Harvey B. Jacobson, of Washington, D. C., of counsel), for plaintiff.

Thomas E. Scofield, of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Since the above suit was filed on December 3, 1948, the plaintiff has been adjudged a bankrupt. Such adjudication was made in the Northern District of Iowa, Central Division, by the court's Referee in Bankruptcy on July 20, 1949. This was followed by a motion of defendant, filed September 16, 1949, to require plaintiff to give additional security for costs.

It is provided by Section 29, Title 11 U.S.C.A. as follows: "c. A receiver or trustee may, with the approval of the court, be permitted to prosecute as receiver or trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him." This section has been

construed to mean that although it is the right of the receiver or trustee to intervene in such cases and be substituted for the plaintiff, such receiver or trustee is not obliged to do so, and, in that event, the suit will not abate but the prosecution of such action may be continued by the debtor. In re Prudence Co., Inc., 2 Cir., 96 F.2d 157.

 Apparently the receiver or trustee of the bankrupt has not intervened and taken over the litigation although, as stated, the adjudication was made on July 20th, last. Until such intervention, the debtor would have a right to continue and with the thought that the trustee or receiver of the estate will not intervene, the defendant has a right to compel the bankrupt to give additional security for costs.

Accordingly, it will be the order of the court that the plaintiff be required to deposit the probable costs of the action in the sum of $100. If the facts warrant, as the case progresses, additional deposits may be required.