Memorandum.
 

 The orders appealed from should be modified to the extent of remitting the proceedings to the Appellate Division to reconsider whether predecision interest should be added to the amount of attorneys ’ fees awarded, and the orders otherwise affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estates.
 

 The court does not review whether the value for services rendered should be greater or less than the amount assessed by the courts below (Cohen and Karger, Powers of the New York Court of Appeals, pp. 588-590). There was no basis, however, for the Appellate Division to hold that the Surrogate was without power, as a matter of law, to award predecision interest. The fixing of attorneys’ fees resting in the court’s discretion, the method of computation likewise rested in discretion. The court could consider delay in receipt of the payment of fees
 
 *720
 
 in determining the reasonable fees or it could fix the fees and compensate for delay by computing interest on the fees found to be appropriate. The Appellate Division had a similar power. The cases do not articulate any sharp distinction in fixing predecision interest in decedents’ estates. The cases allowing interest, it is true, usually involved prior discharge of the lawyer or claims against distributees for services rendered to them in the estate, but in principle this does not provide any distinguishing basis so long as the claims are unliquidated and depend on the fixation of reasonable fees by the Surrogate (see
 
 Matter of Mandel,
 
 20 A D 2d 719;
 
 Matter of Noble,
 
 1 A D 2d 900, app. dsmd. 2 N Y 2d 725;
 
 Matter of Montgomery,
 
 246 App. Div. 495, 497). On the other hand, claims proven against the estate for services rendered to the decedent in his lifetime are on an independent footing and are like any other claims proven against the estate (see
 
 Matter of West,
 
 257 N. Y. 108, 110-111; compare
 
 Matter of Rabell,
 
 175 App. Div. 345, 349-353, involving attorney’s fees for services rendered to the personal representatives and analyzed as primarily the obligation of the representatives subject to reimbursement by the estate to the extent approved by the Surrogate). Typically, the statute, the cases, and the treatises suggest that the fixation of fees and the addition of interest are discretionary without further analysis (e.g., SCPA 2110; CPLB 5001, subd. [a]; 4 Warren’s Heaton, Surrogates’ Courts, § 345, ff 4, cl. [j]; cf.
 
 Matter of Noll,
 
 273 N. Y. 219, 225-226). Since the Appellate Division may have felt unduly constrained in denying predecision interest, the proceedings are remitted for reconsideration of the issue.
 

 Chief Judge Fuld and Judges Bergan, Breitel, Jasen and Gibson concur in memorandum; Judges Burke and Scilepm dissent and vote to affirm.
 

 Ordered accordingly.