OPINION OF THE COURT
Paul L. Klein, J.
This posttrial hearing poses a novel question in the area of counsel fee awards under section 234 of the Real Property Law: Can a "reasonable” figure be based on an hourly rate greater than that billed to the client?
Before addressing that point, it is useful to note the context in which the question arises.
the trial and its results
Petitioner sued for substantial rent arrears. Respondents affirmatively defended on the basis of breaches of the war *1068 ranty of habitability; additionally they counterclaimed for illegal rent overcharges and counsel fees.
The trial was bitter and difficult. Petitioner repeatedly' dragged in irrelevancies; her offers of proof were unfounded. Her rent records were so chaotic that it took several days just to establish how much rent she was claiming. Her conduct required daily admonitions; that of her family caused them to be excluded from the courtroom on several occasions.
The trial resulted in an abatement of some $2,000 and an award of almost $3,000 for illegal overcharges.
COUNSEL FEES
Petitioner was represented at trial by the law firm of Steiner, Yolleck and Seigel, Esqs. (who substituted in for the firm which commenced the proceeding). Counsel for respondents throughout was Brenda I. Liebowitz, Esq. As attorney for the prevailing party, it is her burden to show that the fee she seeks is reasonable, taking into account such factors as the complexity of the proceeding, the skills of opposing counsel, her own skills, the results she achieved for her clients, and rates charged by peers in similar matters.
Petitioner takes the position that Ms. Liebowitz’s hourly rate is too high, that the hours for which she charges are excessive, and that she utilized staff resources (and charged for them) beyond the requirements of the case. To argue this view, petitioner has again retained new counsel, Rosenberg & Estis, P. C.
(a) Alleged Excessive Hours and Staff; Results
Luise A. Barrack, Esq., the Rosenberg & Estis attorney who appeared at the fee hearing, posits that Ms. Liebowitz spent excessive time on what was essentially a simple nonpayment case. One assumes Ms. Barrack has not had an opportunity to read the trial transcript: The proceedings might have been simple were it not for the constant introduction of complexities by the petitioner. Additionally, it is hard to second-guess the effort devoted by an attorney who won for her clients a substantial abatement as well as damages for overcharge; as a result of the latter, the benefits continue into the future.
Ms. Barrack also attacks as unnecessary Ms. Liebowitz’s use of a paralegal as trial assistant. I find that the use of second-chair assistance probably shortened the trial (and billing hours) considerably and that, in any event, petitioner’s mis *1069 conduct made it appropriate for Ms. Liebowitz to utilize extraordinary resources.[1]
For similar reasons, I find no basis for Ms. Barrack’s view that Ms. Liebowitz overextended herself by careful preparation of a lengthy posttrial memorandum (a presentation which both sides asked for an opportunity to provide).
(b) Complexities; Skills of Adversary
I have addressed the complexity issue above in the context of hourly totals. Likewise the significance of the results achieved by Ms. Liebowitz for her clients.
As to the skills of her trial adversary, Charles Seigel, Esq., is an experienced attorney, well regarded by the landlord-tenant bar and, in the event, proved highly resourceful both in dealing with the testimony adduced by Ms. Liebowitz and in modifying (heroically, albeit with less than 100% success) the outrageous conduct of his client and her family.
(c) Standing and Skills of Ms. Liebowitz
Ms. Liebowitz is second to no attorney in the reputation she enjoys among attorneys on both sides of the aisle, court officers and part clerks, law secretaries, Judges, and litigation buffs. Her skills are regarded as superlative. Her performance in this proceeding was up to her standard.
I find that the $125 per hour she seeks as an award is well within the bounds of reasonableness for this community — even a bit low — after weighing the various factors alluded to above.
THE $25 QUESTION
Although Ms. Liebowitz seeks $125 per hour for her counsel fee award, she billed herself out to these clients on the basis of only $100.
In setting a "reasonable” award under Real Property Law § 234, must I cap the hourly rate at $100?
(a) Awards for Free Services
I take as my point of departure the line of decisions uphold *1070 ing a counsel fee award (if otherwise warranted) where the client is charged no fee at all — typically the situation in representation by the Legal Aid Society and other legal service agencies, the NAACP "Inc Fund”, various ethnic and civil liberties groups, etc. The reasonableness of the award to the noncharging attorney is measured by the prevailing rate charged by the private bar in the local community for the given kind of case. (Blum v Stenson, 465 US 886.)
(b) The Code of Professional Responsibility
Code of Professional Responsibility Canon 2 reminds lawyers of their "duty to make legal counsel available”. EC 2-16 enjoins attorneys to assist "persons unable to pay all or a portion of a reasonable fee * * * to obtain necessary legal services”; EC 2-24 notes that "a person of moderate means may be unable to pay a reasonable fee which is large”.
(c) Synthesis
Should we award a full fee to the free attorney and punish the undercharging attorney?
Public policy considerations suggest not. Blum (supra) hints not (although it involved a no-fee situation): The courts " 'must avoid . . . decreasing reasonable fees because the attorneys conducted the litigation more as an act of pro bono publico than as an effort at securing a large monetary return.’ ” (Blum v Stenson, 465 US, supra, at 895.)
While I find no controlling cases directly on point, useful analogies exist in another area of landlord-tenant law and in the general area of attorney-client relationships:
(i) Use and Occupation — In setting use and occupancy, the rent set forth in the lease in probative, but not conclusive, as to the fair value of the continued occupancy. (Monshop Co. v Leslie’s Carpet World, NYLJ, Nov. 9, 1987, at 17, col 6, 15 HCR 345 [App Term, 9th & 10th Dists]; 2641 Concourse Co. v City Univ., 137 Misc 2d 802 [Ct Cl 1987].)
(ii) Quantum Meruit Awards — When setting a fee award in quantum meruit, the figures set forth in the retainer agreement may be helpful, but are not controlling. (Matter of Montgomery, 272 NY 323, 327 [1936] [noted as still authoritative in Finkelstein v Kins, 124 AD2d 92, 93-94 (1st Dept *1071 1987)[2]].) "[T]he agreement of retainer may prove * * * an extremely unjust guide for ascertaining [the] worth” of an attorney’s services. (Matter of Krooks, 257 NY 329, 332 [1931].)
CONCLUSION
I find the award of counsel fees in this matter need not be capped by the $100-an-hour figure set forth in the retainer agreement, and that I am obligated to award a fee based upon the reasonable value of Ms. Liebowitz’s services (as capped by her prayer).
AWARD
Respondents are awarded counsel fees as follows: 140.94 attorney hours at $125 ($17,617.50), one-half hour of clerk hours at $20 ($10), 67.25 paralegal hours at $25 ($1,681.25) for a total of $19,308.75, together with $53.64 costs and disbursements, for a grand total of $19,362.39.

. I do not make a finding as to the reasonableness of using a trial assistant in a "normal” trial — although I note Ms. Barrack’s firm seems hardly ever to try a case without such assistance — and in the form of ah admitted attorney, as opposed to a lower-chargeable paralegal.

. The subsequent history of this case has no bearing, to date, on the point I have addressed. (Finkelstein v Kins, 124 AD2d 92, appeal dismissed 69 NY2d 1023, order amended 131 AD2d 351.)