■ In the Matter of JACQUELINE F. BLUMERT, Respondent, v NANNY HAGEN LEASING, LTD., et al., Defendants. CHARLES BERKMAN, Nonparty Appellant. [724 NYS2d 774] —In a proceeding to determine the amount of the attorney's fee owed by the estate to the former attorney for the decedent in an underlying personal injury action, the former attorney for the decedent, Charles Berkman, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Rockland County

(Weiner, S.), dated May 22, 2000, as awarded him an attorney's fee in the sum of only $28,000.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof awarding the appellant an attorney's fee in the sum of $28,000 and substituting therefor a provision awarding the sum of $49,000; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

Under the circumstances of this case, the appellant is entitled to recover in quantum meruit an attorney's fee in the sum of $49,000 based upon the number of hours he devoted to the decedent's case which were approved by the Surrogate's Court and his claimed hourly rate. The appellant is entitled to his hourly rate in light of the terms of the retainer agreement, his approximately 45 years of experience as an attorney concentrating in negligence law, the fact that he brought the case to completion after the decedent's death, and the respondent's failure to adequately contest the hourly rate (*see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Matter of Tillman,* 259 NY 133, 135; *Matter of Krooks,* 257 NY 329; *Finkelstein v Kins,* 124 AD2d 92, *amended* 131 AD2d 351). Accordingly, the appellant is awarded an attorney's fee in the sum of $49,000. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.