**In re PROPERTY MANAGEMENT AND INVESTMENTS, INC., Debtor.**

**Bankruptcy No. 81–2307–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 20, 1988.

Jawdet I. Rubaii, Clearwater, Fla., for debtor.

Francis H. Cobb, Tampa, Fla., for movant.

Lawrence Kleinfeld, St. Petersburg, Fla., trustee.

Harley Riedel, Tampa, Fla., for trustee.

**ORDER ON TRUSTEE'S OBJECTION TO ALLOWANCE OF ADMINISTRATIVE CLAIM OF JOHNSON, BLAKELY, POPE, BOKOR & RUPPEL, P.A.**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Trustee's Objection to Allowance of Administrative Claim of Johnson, Blakely, Pope, Bokor & Ruppel, P.A., (Johnson, Blakely). The Court has considered the Objection, together with the record, heard argument of counsel, and finds the relevant undisputed facts to be as follows:

The Debtor, Property Management and Investment, Inc., (PMI), is a Florida corporation which at the time relevant was engaged in the business of soliciting investments which were represented to be investments secured by mortgages on real property owned by PMI. On December 11, 1981, the Debtor filed a Voluntary Petition

for Reorganization under Chapter 11 of the Bankruptcy Code. On June 17, 1982, this Court entered an Order converting the case to a Chapter 7 case and appointed Lawrence S. Kleinfeld as Trustee. At the time the case was converted, the Debtor-in-Possession claimed to have a valid cause of action for legal malpractice against the Johnson Blakely law firm. It appears that the Trustee was unwilling to pursue this cause of action and on October 1, 1982, filed a motion and sought an Order authorizing PMI to pursue the cause of action against the law firm on behalf of the estate. On October 1, 1982, this Court entered an Order, ex parte, granted the Trustee's Motion and authorized PMI to pursue the cause of action on behalf of the estate provided, however, that any recovery would belong to the Debtor's estate. PMI did file a lawsuit against Johnson Blakely in Pinellas County Circuit Court and proceeded through to trial. At the conclusion of the Circuit Court trial, the jury returned a verdict in favor of Johnson Blakely and judgment was entered against PMI. The judgment included costs for attorney's fees and expenses incurred on behalf of Johnson Blakely. Thereafter, Johnson Blakely filed with this Court a Request for Payment of Administrative Expense seeking payment of the Circuit Court judgment to be charged as an administrative expense in the bankruptcy case. It further appears that the Trustee filed his objection to the Request for Payment of Administrative Expenses filed by Johnson Blakely.

The Trustee's objection is based on the contention that he elected not to prosecute the claim against Johnson Blakely and that the Debtor was authorized to pursue the action without exposing the estate to cost or expense. The Trustee points out that he did not appear as a party in the state court lawsuit; did not attend hearings or receive copies of pleadings and had no authority to make any tactical decisions in the litigation. For the proposition urged by the Trustee that the trustee may obtain any benefit of a lawsuit pursued by the Debtor without subjecting the estate to any liability for the costs of the Debtor's pursuit, the Trustee cites the case of *Johnson v. Collier*, 222 U.S. 538, 32 S.Ct. 104, 156 L.Ed. 306 (1912); *In re Prudence Co.*, 96 F.2d 157 (2d Cir. 1938); *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946).

In opposition to the Trustee's objection, the law firm of Johnson Blakely contends that the Trustee paid for certain specific costs involved in the Debtor's pursuit of the lawsuit against Johnson Blakely pursuant to an Order by this Court which provided that the Trustee should either abandon the cause of action or fund the costs of litigation of which it is a beneficiary. Ultimately, this Court authorized the Trustee to make total payments of $9,105.86 for costs and expenses in connection with the litigation. Johnson Blakely contends that the cause of action never having been abandoned by the Trustee and having been funded by the estate that the estate therefore should be required to pay pursuant to § 503 of the Bankruptcy Code as an administrative expense the costs taxed in favor of Johnson Blakely in such litigation.

■ The issue presented for this Court's consideration is whether the Trustee should be required to pay as an administrative expense costs taxed in favor of a defendant in a state court lawsuit where the debtor is the plaintiff, but the debtor's estate stands to benefit from any recovery, but in fact failed to prevail and the suit provided no funds for the estate.

Ordinarily, the resolution of the issue under consideration would not present any great difficulty. Of course, a trustee may choose not to pursue a cause of action for any number of reasons, lack of funds or including the avoidance of litigation costs when the chances of success is debatable or doubtful. However, this does not prevent either creditors or even the Debtor to pursue the litigation provided, however, it is pursued on behalf of the estate and all cost of litigation is covered by the entity pursuing the litigation. Of course, the cost will be reimbursed by the estate if the litigation is successful and funds are received by the estate. Be that as it may, this case presents a slightly different scenario. In the present instance, this Court has entered orders directing the Trustee, over his objec-

tion, to pay the actual and necessary costs of the litigation *or* abandon the cause of action. It is the contention of the Trustee that these orders regarding payment of the Debtor's out-of-pocket expenses in connection with the litigation, were limited to a specific dollar amount and that this was not to be construed to suggest that the Trustee, or inevitably the estate, would be liable for all the costs of the litigation on the part of the Debtor, much less of Johnson Blakely.

As noted earlier, the Trustee cites several cases for the proposition that a trustee may elect not to pursue litigation in order to avoid incurring costs, may agree that the Debtor prosecute the action and may assert the right to the proceeds of the litigation if the debtor is successful, and still not be held liable for costs in the event the debtor lost in its action. *Johnson v. Collier, supra; In re Prudence Co., Inc.,* 96 F.2d 157 (2d Cir.1938). These cases, however, did not involve the scenario as in this instance where the Court ordered the trustee to pay certain costs of the litigation. The law of this case is that the Trustee was ordered to pay the cost involved and the expense incurred in the cost of the litigation with Johnson Blakely. While it may have been the intent of the Trustee that the Debtor could pursue the cause of action without subjecting the estate to liability in the event of failure, the Orders entered in this case clearly belie that the Trustee or the estate would not be liable for any such costs.

Based on the foregoing, this Court is satisfied that the estate is liable for the costs of the litigation with Johnson Blakely. The next issue for consideration is whether or not the law firm's costs and expenses involved in defending against the malpractice lawsuit shall be treated as a cost of administration pursuant to § 503 of the Bankruptcy Code.

█ § 503 of the Bankruptcy Code authorizes the allowance of an administrative expense the actual and necessary costs and expenses of preserving the estate after the commencement of the case. This Court is satisfied that by its prior Order authorizing the Trustee to pay for the costs involved in pursuit of the cause of action against Johnson Blakely for the benefit of the estate inherently found that at the very least the costs involved in the litigation were incurred to preserve the estate. Inasmuch as this Court has previously ordered the Trustee to pay for the costs involved in the litigation, this Court is satisfied that the Request for Allowance of Administrative Claim by Johnson Blakely should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Request for Allowance of Administrative Claim of Johnson Blakely be, and the same is hereby, overruled and the administrative claim of Johnson Blakely be, and the same is hereby, allowed.