**In re G.I.C. GOVERNMENT SECURITIES, INC., Debtor.**

**Bankruptcy No. 85–2784–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 14, 1990.

George Hadley, Trustee.

Hywel Leonard, Tampa, Fla., for Trustee.

Michael C. Addison, Tampa, Fla., for Trustee in lawsuits against Brokerage Firms.

Lawrence Schantz, Miami, Fla., for G.I.C. Government Securities, Inc.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

Marie Tomassi, Tampa, Fla., for E.F. Hutton & Co., Inc.

## ORDER ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Motion for Allowance of Administrative Claim filed by E.F. Hutton & Co., Inc. (E.F. Hutton). Through the Motion, E.F. Hutton seeks the entry of an order allowing any costs to be awarded to E.F. Hutton by the United States District Court for the Middle District of Florida in a suit instituted by the Trustee as a Chapter 7 administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). The Court has considered the Motion, together with the record, heard argument of counsel, and finds the pertinent facts based on the record of this case to be as follows:

On July 21, 1987, the Trustee filed an Application for Authorization to Employ the law firm of Addison, Ketchey & Horan, P.A., as special counsel for the purpose of filing a complaint against E.F. Hutton to recover damages on behalf of the estate. On September 18, 1987, this Court entered an Order authorizing the employment of Addison, Ketchey & Horan, P.A., and on October 16, 1987, the Trustee filed a Complaint against E.F. Hutton, seeking to recover for the benefit of the Debtor's estate damages allegedly incurred by customers of the Debtor. According to the Trustee, these damages were caused by negligence and conversion on the part of E.F. Hutton in its handling of a margin account maintained by the Debtor with E.F. Hutton. On September 6, 1990, on remand from the Eleventh Circuit Court of Appeals, the District Court entered a Final Judgment in favor of E.F. Hutton, and against the Trustee, based on the determination by the Eleventh Circuit Court of Appeals that the Trustee did not have standing to sue E.F. Hutton on behalf of individual creditors of the estate. Subsequent to the entry of the Judgment, E.F. Hutton, as the prevailing party, filed a Bill of Costs in the District Court, seeking a total of $22,554.92 for costs incurred. As of the date of the hearing on the Motion, the District Court had not yet fixed the amount of costs to be awarded to E.F. Hutton; however, E.F. Hutton now seeks the allowance of any court costs to be awarded by the District Court as Chapter 7 administrative expenses under 11 U.S.C. § 503(b)(1)(A).

Section 503(b)(1)(A) provides:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

Thus, the actual, necessary costs and expenses of preserving the estate will be given first priority status by virtue of Section 507(a)(1).

The Supreme Court, in the case of *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), considered the question of administrative expenses, and while the case did not involve the same fact pattern, the holding in the case is helpful to resolve the issue before this Court. In *Reading Co. v. Brown*, property of the Reading Co. was destroyed by a fire caused by the negligence of the receiver appointed in the Chapter XI arrangement to conduct the debtor's business. The Reading Co. subsequently filed a claim for an administrative expense for loss sustained by the fire. The trustee objected to the claim.

In overruling the objection, the Supreme Court determined that the actual and necessary costs "should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible." *Id.*, at 483,

88 S.Ct. at 1765. Thus, the Court allowed the administrative claim, reasoning that parties subjected to loss and expense as a result of the administration of a bankruptcy estate are entitled to be made whole as a matter of fundamental fairness and should be allowed an administrative claim to implement that result. *See also, In re E.A. Nord Co., Inc.,* 78 B.R. 289 (Bankr.W.D. Wash.1987) (sanctions for fees and costs imposed against the Trustee in frivolous litigation were given administrative claim status under § 503(b)); *In re Met–L–Wood Corp.,* 103 B.R. 972 (Bankr.N.D.Ill.1989).

There is no question that the suit instituted by the Trustee against E.F. Hutton was an attempt to benefit and preserve a property of the estate. But for the suit commenced by the Trustee, E.F. Hutton would not have incurred these costs. Therefore, this Court is satisfied that these costs are properly chargeable against the estate as costs of administration. The fact that the Trustee was not ultimately successful in the suit against E.F. Hutton does not change this result. *See In re Property Management and Investments, Inc.,* 91 B.R. 170 (Bankr.M.D.Fla.1988).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Allowance of Administrative Claim be, and the same is hereby, granted, and E.F. Hutton shall be entitled to a cost of administration pursuant to 11 U.S.C. § 503(b)(1)(A) for costs incurred in Case No. 87–1674–CIV–T–71(A), the amount of which shall be determined by the District Court pursuant to E.F. Hutton's Bill of Costs.

DONE AND ORDERED.