## CORTHORN et al. v. CLEGHORN.

### No. 962.

United States District Court
S. D. Missouri, W. D.

June 1, 1950.

Franklin P. Brewster, Jr., Springfield, Mo., for plaintiffs.

Edwin C. Haseltine, Springfield, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed his motion to dismiss upon the provisions of Section 1401, R.S.Mo.1939, Mo.R.S.A. This section relates to security for costs or a deposit in those cases where a non-resident plaintiff has instituted a suit in a state court.

There being a diversity of citizenship, the defendant seasonably removed the case to the United States Courts. When that was done, the laws of the United States became applicable in all procedural matters and the rules here in respect of security for costs would prevail.

Rule 4, Local Rules of the District Court for the Western District of Missouri, provides for security for costs and

if the amount prescribed by statute, namely, the deposit of $15, is inadequate, by paragraph (b) of said rule, "the court or judge thereof may, upon proper showing, require any party to deposit or otherwise provide adequate additional security for costs in an amount to be designated by the Judge." This rule is authorized by Chapter 123, Title 28 U.S.C.A. § 1911 et seq., relating to Fees and Costs, and the very fact that the court has the inherent power to provide for costs.

 As said by Judge Darr, of the Eastern District of Tennessee, in Cary v. Hardy, D.C., 1 F.R.D. 355, loc. cit. 356: "It is generally understood that the Rules of Civil Procedure for District Courts [28 U.S.C.A.] has repealed the Conformity Act." And on the same page Judge Darr further said; in respect of security for costs: "* * * the question of requiring security for costs is one for local rules."

Since this court has provided a local rule, the remedy is by that rule and not by a motion to dismiss under a state statute. While the national courts must follow the substantive law of the states, the adjective or procedural law in the federal court is not that of the state but of the national courts as prescribed for or by them. It would follow that the motion to dismiss should be and will be overruled.