## In re KLETSCHKA ELECTRIC INC., Debtor.

## KLETSCHKA ELECTRIC INC., Plaintiff,

v.

## MW BUILDERS OF KANSAS INC., Defendant.

Bankruptcy No. EU–11–89–03136.
Adv. No. 91–4038–2.

United States Bankruptcy Court, W.D. Missouri.

May 24, 1991.

John H. Trader, Millin & Trader, Kansas City, Mo., for plaintiff.

Sherman A. Botts, Lathrop, Norquist & Miller, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION

### FRANK W. KOGER, Chief Judge.

Kletschka Electric, Inc., a Wisconsin corporation and hereinafter plaintiff, filed for reorganization under Chapter 11 in the Western District of Wisconsin in 1989, and continues as a debtor in possession in that proceeding. In October of 1990, plaintiff filed an adversary complaint in the Bankruptcy Court for the Western District of Wisconsin against MW Builders of Kansas, Inc., hereinafter defendant, for $28,500.00 alleged damages for improper termination of a post-petition construction contract. The defendant sought removal of the adversary to the Western District of Missouri and the Honorable Thomas S. Utschig ordered the transfer to this Court. Defendant immediately filed a Motion For Security for Costs in the sum of $5,000.00.

Defendant has two strings to its bow. First, defendant asserts that plaintiff is a non-resident and under the mandates of R.S.Mo. (1990) § 514.010 et seq. a nonresident plaintiff must provide security for costs. Second, although there is no federal rule or federal rule of civil procedure governing the subject of security for costs, a District Court (at least) has the inherent power to require security for costs when warranted by the circumstances of the case, citing *Ehm v. Amtrak Board of Directors*, 780 F.2d 516 (5th Cir.1986). Defendant is nothing loath to suggest that the Bankruptcy Court also possesses such power, although not specifying whether such ability springs from the latter's position as a unit of the District Court, or by virtue of its own grand majesty.

Both sides admit that there is no bankruptcy case law bearing on the point. The Court has found no help in any treatise on bankruptcy. The Court then must engage in reasoning to try and establish some criteria for determination.

■ Considering defendant's two positions in reverse order, the Court believes that Bankruptcy Courts, as such, may order security for costs. Bankruptcy Rule 7054(a) adopts the first three sections of the Rule of Civil Procedure 54 relating to Judgments and Costs. However, it sets out a slightly different provision as to section (d). That section appears to make the allowance of costs in adversary proceedings permissive rather than mandatory. That section (in pertinent part) reads:

(b) Costs. The court may allow costs to the prevailing party ...

It strikes the Court that if it may award costs to the prevailing party, it may also require that security be posted to insure that said costs will be paid once it awards them. However, such power is not specifically bestowed by statute or rule and, therefore, probably is one of those "inherent powers" granted to Bankruptcy Judges by 11 U.S.C. § 105. This Court has already expressed its belief that § 105 should be used sparingly and cautiously, lest it become abused and overused.

■ In this case, the Court believes that the defendant has not produced sufficient evidence to justify the use of the Court's inherent power. The defendant's posture has been that because plaintiff is a debtor in possession it will not have sufficient assets to pay costs if it loses. However, this is all supposition and there was no evidence presented other than the "post hoc—propter hoc" suggestion that any debtor in possession in Chapter 11 is unable to pay post petition expenses. It would seem that evidence of the debtor's financial condition could easily have been gleaned (and introduced) from the operating reports in the Wisconsin proceedings. Therefore, although this Court believes that a Bankruptcy Court may order security for costs in an appropriate case as part of the inherent power of the Court under 11 U.S.C. § 105, the defendant has failed to present sufficient evidence to justify the exercise of such power. See *Bealmear v. Beeson, et al.*, 263 S.W.2d 472 (App.1953).

■ Moving on to defendant's reliance upon the Missouri Statute, i.e., R.S.Mo. (1990) § 514.010, the situation is somewhat different. That section (in pertinent part) provides:

"... in all civil cases when the plaintiff or person for whose use the action is to be commenced shall not be a resident of this state, the plaintiff or person for whose use the action is to be commenced shall, before he institutes such suit, file with the clerk of the court in which the action is to be commenced the written undertaking of some person, being a resident of this state, whereby he shall acknowledge himself bound to pay all costs which may accrue in such action; and if any such action shall be commenced without filing such undertaking, or depositing with the clerk of the court in which the suit is brought, a sum of money sufficient to pay all costs that may accrue in the case, subject to be increased at any time, whenever the court may deem proper, and by its order of record require, the court, on motion, may dismiss the same, unless such undertaking be filed or sum of money be deposited before the motion is determined, and the attorney of the plaintiff shall be ruled to pay all costs accruing therein".

Those few cases pertaining to the posting of security for costs seem to indicate that the federal courts will follow the practice of the forum state where the plaintiff is a non-resident. *In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d 1116 (9th Cir.1987) and *Atlanta Shipping Corporation, Inc. v. Chemical Bank,* 818 F.2d 240 (2nd Cir.1987).

There is an opinion from this District which seems on point. See *Corthorn et al. v. Cleghorn,* 91 F.Supp. 326 (S.D.Mo.1950). In that case the Corthorns were non-residents of Missouri. They sued Cleghorn in state court. Cleghorn removed the case to the Federal District Court on diversity grounds. Cleghorn then moved to dismiss for failure of the non-resident plaintiffs to post security for costs. Chief Judge Reeves denied the motion to dismiss on the grounds that Rule 4 of the local rules for the Western District of Missouri covered such issues and, in effect, countermanded the state statute. Rule 4, adopted January 26, 1946, read as follows:

## RULE 4
## SECURITY FOR COSTS

(a) *General.* Except as otherwise provided by law or rule, security for costs shall be given in every case by the plaintiff or petitioner, or by the removing party in cases removed from state courts, by making a deposit of $15.00 in cash with the Clerk at the time of instituting the action or suit.

(b) *Additional Security.* The Court, or a Judge thereof, may, upon proper showing, require any party to deposit or otherwise provide adequate additional security for costs in an amount to be designated by the Judge.

Rule 4 was eliminated January 1, 1958, and neither the District Court For the Western District of Missouri nor the Bankruptcy Court for said District have any local rule about security for costs. Thus, Judge Reeves' ruling is distinguishable. However, one portion of his opinion is instructive. He said at page 327:

"While the national courts must follow the substantive law of the states, the

adjective or procedural law in the federal court is not that of the state but of the national courts as prescribed for or by them".

This Court apprehends then that where there is no law prescribed for or by it or its District Court, it should follow state law, and application of the Missouri statute would be appropriate.

Plaintiff suggests that since defendant caused the removal of this complaint to the Western District of Missouri it is the creator of the nonresidency it now seeks to exploit. Said argument has some surface appeal, but defendant can hardly be excoriated for exercising its legal rights and it is clear that the proper venue for this action is in the Western District of Missouri. The Court has been furnished with no cases or legal theories that contradict any of the cases cited above.

Accordingly, the Court concludes that a deposit or security or written undertaking will be required of plaintiff before the Court will proceed with this adversary action. Again, no evidence was introduced as to what costs would be involved. There was reference to the taking of depositions in California and Wisconsin, but no evidence of the necessity therefor or the cost thereof. The Court declines to require a $5,000.00 deposit on a $28,500.00 lawsuit remembering the old Missouri saying about "a $40.00 saddle on a $20.00 horse". (Younger readers hereof perhaps may need to obtain translation from grandparents or senior partners.) The Court will set a deposit of $500.00, or a bond of $500.00, or a written undertaking by a resident of this state to be bound to pay all costs, as a requirement for further prosecution of this adversary action. Plaintiff shall have twenty (20) days to comply.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under rule 7052, Rules of Bankruptcy.

SO ORDERED.