In re **BEYOND WORDS CORPORATION,**
Debtor.

No. C–94–4072–VRW.

United States District Court,
N.D. California.

Feb. 23, 1996.

---

Jason A. Tucker, Dechert Price & Rhoads, Boston, MA, for Spinnaker Software Corporation.

Timothy W. Hoffman, Belden Abbey Weitzenberg & Kelly, Santa Rosa, CA, for Charles Sims, Trustee.

David K. Yamakawa, Jr., San Francisco, CA, for Beyond Words Corp.

Linda Ekstrom Stanley, Trustee, U.S. Department of Justice, Office of the United States Trustee, San Francisco, CA, Pro Se.

## ORDER

WALKER, District Judge.

Spinnaker Software Corporation ("appellant") has appealed an order of the United States Bankruptcy Court for the Northern District of California in which the bankruptcy court denied appellant's request that Beyond Words Corporation ("Beyond Words") post a bond before the bankruptcy trustee is allowed to pursue the estate's claim against appellant. The claim pursued by the trustee arises from a pre-petition agreement ("the agreement") between appellant and Beyond Words. The agreement stipulates that any dispute arising from the agreement shall be

settled by binding arbitration, and that the losing party, as determined by the arbitrator, shall be liable for "all costs and expenses, including attorneys' fees." Acknowledging that any damages, separate from costs and fees, secured through the arbitration proceedings are not entitled to priority since they are based on a pre-petition claim, appellant nevertheless contends that the attorney fees are post-petition, administrative costs. In addition, appellant contends that, based on Beyond Words' financial condition, the chapter 7 estate will be unable to pay the attorney fees even if the award is given administrative status. Consequently, appellant requests that a bond be posted. For the reasons stated below, appellant's appeal is denied and the decision of the bankruptcy court denying the posting of the bond is AFFIRMED.

## I

The facts are not in dispute. On January 14, 1992, appellant and Beyond Words entered into a software development agreement whereby Beyond Words would provide appellant with a word processing computer software program in exchange for royalties from the sales of the program by appellant. When the program was not completed on the date stipulated by the parties, they amended the agreement. Under the amended agreement, Beyond Words would act as a consultant to appellant while the program was completed to the latter's satisfaction. The arbitration clause remained unchanged and the parties initially adhered to the new agreement.

On May 8, 1992, Beyond Words commenced chapter 11 bankruptcy proceedings. The following year, the above-mentioned agreement fell through. Beyond Words, as a debtor in possession, filed an arbitration demand with the American Arbitration Association in Boston, Massachusetts. The arbitrator requested that Beyond Words obtain an order from the bankruptcy court authorizing the arbitration, and an order that Beyond Words pay its share of the arbitration costs and expenses.

Before the above-mentioned motion came before the bankruptcy court, Beyond Words' petition was converted to chapter 7. Complying with the arbitrator's request, the trustee, Charles Simms, filed a Notice of Trustee's Intent To Pursue Litigation And Pay Related Costs. In addition, the parties stipulated that the stay be lifted so that appellant could pursue its counterclaim against Beyond Words. Appellant then filed an opposition to the trustee's intent to pursue the litigation. Appellant first argued that the trustee had underestimated the estates' potential exposure in connection with the arbitration. Since any attempt to pursue the arbitration would be detrimental to the bankruptcy estate, appellant contended that the trustee should be restricted from doing so. Alternatively, if the arbitration proceeding was allowed, appellant argued that the potential attorney fees award would be an "administrative expense" within the meaning of 11 U.S.C. § 503(b). Appellant also claimed that, based on Beyond Words' financial condition, Beyond Words would be unable to pay the award even if it was accorded administrative priority. As such, appellant asked that the bankruptcy judge require Beyond Words to post a bond to insure payment of the award should appellant prevail in the arbitration proceeding.

The bankruptcy court rejected appellant's arguments. In response to appellant's first argument, the bankruptcy court cited Bankruptcy Rule 6009 which states, in pertinent part, that "[w]ith or without court approval, the trustee * * * may prosecute * * * any pending action or proceeding by * * * the debtor, or commence and prosecute any action or proceeding on behalf of the estate before any tribunal." Bankr.R. 6009. Accordingly, the bankruptcy court held that the debtor's trustee had the statutory authority and discretion to pursue Beyond Words' claim against Spinnaker.

In response to Spinnaker's second argument, the bankruptcy court ruled that a judgment based on a claim that arises from a pre-petition agreement, including an award of attorney fees, is not given administrative status under 11 U.S.C. § 503(b). Rather, the bankruptcy court held such judgments are assessable as unsecured claims, notwithstanding the fact that the litigation takes

place after the debtor files a petition for bankruptcy. -

The bankruptcy court next ruled that since the potential attorney fees award was not an administrative expense, it did not have the authority to require that Beyond Words post a bond. The bankruptcy court reasoned that such a bond would result in "carving out some money from the estate to pay one creditor rather than equally distributing the money to all creditors." Accordingly, the court held that it did not have the "equitable power" to "change the priority system established by Congress under the Bankruptcy Code."

In its current appeal, appellant does not contest the bankruptcy court's ruling that the trustee has statutory authority to pursue Beyond Words' claim against appellant. Rather, appellant claims that the bankruptcy court made two reversible errors of law. First, appellant contends that the attorney fees and costs award to which it would be entitled if it prevailed in the arbitration proceeding is properly considered an administrative expense within the meaning of 11 U.S.C. § 503(b). Appellant claims that as such, these fees are entitled to priority over any pre-petition claims against the estate. Second, appellant argues that the bankruptcy court *does* have the equitable authority under 11 U.S.C. § 105 to require that Beyond Words post a bond.

## II

■ The court's jurisdiction over this appeal is based on 28 U.S.C. § 158 and Rule 8001(a) of the Rules of Practice and Procedure in Bankruptcy. Since the court is acting as an appellate court, the bankruptcy court's findings of fact are examined under the clearly erroneous standard and issues of law are reviewed de novo. *In re Daniels–Head & Associates,* 819 F.2d 914, 918 (9th Cir.1987). There are no disputed issues of fact currently before the court. After examination of the briefs and appellate record, the court has determined that oral arguments would not be of material assistance to the determination of this appeal. Bankr.R. 8012.

## III

### A

■ An administrative expense allowed under 11 U.S.C. § 503(b) is the highest priority claim to be paid in a bankruptcy case. 11 U.S.C. § 507(a)(1). In chapter 7 liquidation, administrative claims are paid in full before any other distribution may be made. 11 U.S.C. § 726(a)(1). Since the traditional presumption favors ratable distribution among all holders of unsecured claims, the courts strictly construe the Bankruptcy Code provisions governing requests for priority payment of administrative expenses. *See, e.g., In re Dant & Russell, Inc.,* 853 F.2d 700, 706 (9th Cir.1988); *In re Hemingway Transport, Inc.,* 954 F.2d 1, 5 (1st Cir.1992). The burden of proving entitlement to priority payment as an administrative expense rests with the party requesting it. *Woods v. City Nat. Bank & Trust Co.,* 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941).

■ "Administrative expense" is defined in § 503(b)(1)(A):

(b) After notice and a hearing, there shall be allowed, administrative expenses * * * including * * * the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case * * *.

11 U.S.C. § 503. Beyond the language quoted above, the term "administrative expense" is not defined elsewhere in the Code. The Code provides, however, that the term "including" is not limiting. 11 U.S.C. § 102(3). The statute contemplates that charges against the estate other than those related to its preservation may qualify as administrative expenses. *In re Madden,* 185 B.R. 815, 817 (9th Cir. BAP 1995). Thus, while the allowance of an administrative claim is mandatory, the determination by the court that a particular claim is an "administrative expense" is discretionary. *Id.*

■■ That discretion, however, is not unchecked. Ultimately, equality of distribution among creditors of the assets of the estate is the primary goal of bankruptcy. *Union Bank v. Wolas,* 502 U.S. 151, 161, 112 S.Ct. 527, 533, 116 L.Ed.2d 514 (1991). According-

ly, the overwhelming concern of the Code, particularly in a chapter 7 proceeding, is the preservation of the estate. *In re Dant & Russell, Inc.*, 853 F.2d at 706. Not surprisingly, limiting administrative costs protects the finite assets of the estate for the benefit of the unsecured creditors' interest. *Id.*

## B

Appellant argues that the bankruptcy court erred in holding that the fees were not administrative expenses. While the court disagrees with appellant's reasoning, it *does* agree with appellant's conclusion.

### 1

Appellant argues that three factors must be satisfied before a claim will be entitled to an administrative expense priority: the claim must arise from a post-petition debt, the claim must arise in connection with a transaction between the claimant and the trustee or debtor in possession, and the claim must represent a debt incurred to benefit the operation of the debtor's estate. *In re Keegan Utility Contractors, Inc.*, 70 B.R. 87, 89 (Bkrtcy.W.D.N.Y.1987). Appellant argues that since the bankruptcy judge ruled that the potential attorney fees award is a pre-petition claim, he did not even consider the other two factors. Appellant asserts that if the bankruptcy judge would have properly ruled that the potential attorney fees award is a post-petition claim, then the award would also have been accorded administrative priority since the other two factors are satisfied.

Specifically, appellant contends that the second factor is satisfied because the claim is based on the attorney fees provision of the agreement on which the trustee is suing. Appellant claims that the third factor is satisfied because "the debt would be incurred while the trustee is attempting to benefit the estate by pursuing a recovery for the estate." Appellant, however, cites no authority which supports the proposition that attorney fees obligations incurred by the trustee engaged in the routine liquidation of the assets of the chapter 7 estate "benefits the operation of the debtor's estate."

■ Appellant's assertion that the third factor, as stated above, is satisfied in the case

at bar is incorrect. The statutory objective of 11 U.S.C. § 503 is to "keep the business afloat" for the benefit of the debtor's creditors. David G. Epstein, Steve H. Nickles, and James J. White, *Bankruptcy*, § 7–11 at 463 (West 1993). As the Second Circuit has noted:

> Congress granted priority to administrative expenses in order to facilitate the efforts of the trustee or debtor in possession to rehabilitate the business for the benefit of all the estate's creditors * * *. Congress reasoned that unless the debts incurred by the debtor in possession could be given priority over debts which forced the estate into bankruptcy in the first place, persons would not do business with the debtor in possession, which would inhibit rehabilitation of the business and thus harm creditors.

*Trustees of Amalgamated Insurance Fund v. McFarlin's*, 789 F.2d 98, 101 (2nd Cir.1986). Here, the trustee's attempt to pursue Beyond Words' claim against appellant has nothing to do with the post-petition operation of Beyond Words' business. Furthermore, the attorney fees that may be owed appellant will not be for any service appellant has rendered for the benefit of the estate. In fact, payment of appellant's attorney fees will only hurt the estate.

### 2

■ While the court does not agree with appellant's reasoning as to why the award should be accorded administrative status the court nonetheless agrees that the potential award is an administrative expense. As the court recognized above, post-petition charges against the estate, other than those related to its preservation, often qualify as administrative expenses. Specifically, there have been instances where obligations of the estate based on the post-petition activities of the trustee or debtor in possession were accorded administrative priority even though there was no benefit to the estate. *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968); *In re Charlesbank Laundry, Inc.*, 755 F.2d 200 (1st Cir. 1985); *In re EA Nord Co. Inc.*, 78 B.R. 289 (Bkrtcy.W.D.Wash.1987).

For example, in *Reading Co. v. Brown,* the debtor filed a petition under chapter 11 and the district court appointed a receiver, who was authorized to conduct the debtor's business. The only significant asset of the debtor was an eight story industrial structure, which the receiver intended to lease. 391 U.S. at 473, 88 S.Ct. at 1760–61. About six weeks after the debtor filed for bankruptcy, the building was destroyed by a fire. *Id.* The abutting land owners then filed administrative claims against the estate. *Id.* The receiver, after being elected trustee, moved to expunge the claims on the ground that they were not for expenses of administration. *Id.* at 474, 88 S.Ct. at 1761. The Supreme Court, reversing the decisions of the lower courts, held that the claimants were entitled to be treated as administrative creditors. *Id.* at 485, 88 S.Ct. at 1767. The court further held that "damages resulting from the negligence of a receiver acting within the scope of his authority as receiver give rise to 'actual and necessary costs' of a chapter 11 arrangement." *Id.* Thus, claims based on the negligent acts of a debtor in possession or trustee, while not benefitting the estate, may nevertheless accorded administrative priority.

Similarly, in *Yorke v. NLRB,* 709 F.2d 1138 (7th Cir.1983), the trustee expressly violated unfair labor practice provisions of the National Labor Relations Act. The court used *Reading* to support the proposition that those injured during the administration of the estate by the trustee are entitled to an administrative priority, even if there is no tort or other wrongdoing. *Id.* at 1143. Contrary to appellant's assertion, then, a number of cases have held that an obligation arising from the post-petition activities of the trustee may be accorded administrative status even if there was no benefit to the estate.

More importantly, a recent line of cases from the bankruptcy courts of the Ninth Circuit have held that attorney fee awards arising from post-petition litigation initiated by the trustee or debtor in possession should be accorded administrative status. *See, e.g., In re Madden,* 185 B.R. 815 (9th Cir. BAP 1995); *In re Execuair Corp.,* 125 B.R. 600 (Bkrtcy.C.D.Cal.1991); *In re EA Nord Co.*

*Inc.,* 78 B.R. 289 (Bkrtcy.W.D.Wash.1987). Such cases rely on the principle enunciated in *Reading* and its progeny: post-petition actions of the trustee or debtor in possession may create obligations to third parties that are accorded administrative expense priority even though the estate does not benefit from the payment.

For example, in *Nord,* prior to filing its chapter 11 petition, the debtor commenced arbitration proceedings contesting its liability to the Western Council LPIW–Timber Operators Council Pension Fund ("the Fund"). 78 B.R. at 290. The arbitrator ruled that Nord was liable and that Nord's contentions were legally frivolous when initially raised. *Id.* The arbitrator then exercised the discretion given to him by 29 U.S.C. § 1401(b)(2) by awarding attorney's fees and costs to the Fund. *Id.* The bankruptcy court ruled that the debtor had violated a duty to its creditors by engaging in "frivolous litigation." *Id.* at 292. Because of this, the attorney fees were held to be post-petition administrative expenses. *Id.*

Similarly, in *In re Madden,* the debtor commenced a suit against defendants for breach of contract in a state court prior to filing his chapter 11 petition. 185 B.R. at 816. After filing for bankruptcy, the debtor, as debtor-in-possession, decided to continue with active prosecution of the state court suit. *Id.* The state court eventually ruled for the defendants and awarded them attorney fees pursuant to an attorney fees clause in the subject contract. *Id.* The bankruptcy court then denied the defendant's request that the post-petition portion of their fee award be granted administrative priority pursuant to § 503(b). *Id.*

The Bankruptcy Appellate Panel for the Ninth Circuit reversed the bankruptcy court. *Id.* at 818–19. In holding that the post-petition portion of the attorney fees award should be granted administrative priority the court said:

> To allow the debtor in possession to avoid liability for attorneys' fees by relegating them to the prepetition creditor pool can result in injustice to those who become engaged, voluntarily or involuntarily, in transactions with the bankruptcy estate,

suffering loss or damage thereby. The inequity of such loss is heightened where the claimant may be held subordinate to payment of first priority administrative claims, which, in this case, will likely include the debtor's counsel.

*Id.* at 819. The court reasoned that the newly created estate claimed for itself rights commensurate with those of the pre-petition debtor. *Id.* The court further reasoned that a bankruptcy estate should be answerable to claims for obligations it incurs, whether by contract or applicable law. *Id.* "Efforts to preserve the estate are not always successful, but the contingency of loss should not be borne by the trustee's adversary where the trustee is necessarily bound by statute or contract to compensate the party for costs of defense." *Id.* A critical factor in the court's decision was that by pursuing the claim after the petition was filed, a post-petition act by the debtor in possession intended to benefit the estate led to the injury of a third party. *Id.* at 818.

The court is aware that the Court of Appeals for the First Circuit has reached a result contrary to the one reached in Madden. See *In re Hemingway Transport, Inc.,* 954 F.2d at 6–7. In *Hemingway Transport,* the debtor, Hemingway, leased a parcel of real estate from Woburn. *Id.* at 3. The lease contained an indemnification clause whereby Hemingway agreed to hold Woburn harmless for all attorney fees incurred by Woburn as a consequence of Hemingway's occupation and possession of the property. *Id.* Several years later, while Hemingway was in the midst of chapter 7 proceedings, the current owner of the property initiated an adversary proceeding against Hemingway's estate for indemnification and contribution under CERCLA. *Id.* In response, Hemingway's trustee filed a third party complaint alleging that Woburn was a "potentially responsible party" as a former owner. *Id.* at 4. The bankruptcy court granted summary judgment for Woburn and ruled that the lease indemnification clause entitled Woburn to recover its attorney fees from the chapter 7 estate. *Id.* Both the bankruptcy court and the district court denied administrative status to the award, allowing Wo-

burn's counterclaim as an unsecured pre-petition claim. *Id.*

In upholding the lower courts' rulings that the attorney fees were not entitled to administrative priority, the Court of Appeals for the First Circuit stated:

> Woburn's request for allowance of an administrative expense priority cannot be distinguished on any principled basis from any other prevailing party's request for priority payment of attorney fees incurred in defending against a lawsuit brought by a chapter 7 trustee engaged in the routine liquidation of the assets of the chapter 7 estate. A chapter 7 trustee's lawsuit may indeed impose burdensome litigation expense upon successful and unsuccessful defendants alike, yet its prepetition genesis ultimately distinguishes it from * * * post-petition losses * * *.

*Id.* at 6–7.

■ Notwithstanding the *Hemingway* decision, the court finds the reasoning of the Bankruptcy Appellate Panel and the Ninth Circuit bankruptcy courts persuasive. Pursuing a claim on behalf of the estate clearly is a post-petition act by the trustee. Because the trustee has voluntarily decided to take this action, appellant will suffer injuries, in the form of attorney fees, defending against the claim. Under the traditional American Rule, the losing party is not obligated to pay such fees. Consequently, the estate normally would not be responsible for such costs. Here, however, the parties agreed that the losing party would pay the other's expenses. As a result, the estate will now be obligated by contract to pay for these injuries if appellant prevails in the arbitration proceedings. As the cases that have followed the Supreme Court's decision in *Reading* have held, a bankruptcy estate *should* be answerable to claims for obligations it incurs, whether by contract or applicable law.

■ It is true that if appellant is successful on its counterclaim and secures an award of damages based on a breach of the pre-petition contract, the award, although occurring post-petition, will be considered a pre-petition claim. The actual award, however, is based on an alleged breach of the agreement

by either Beyond Words or appellant, not a post-petition act of the trustee or debtor in possession. The post-petition litigation initiated by the trustee is not the genesis of the losing party's obligation to pay damages for breaching the agreement as it is for the losing party's obligation to pay costs, including attorney fees. To the extent that this decision is not in accord with the First Circuit's decision in *Hemingway Transport*,[1] the court respectfully disagrees with that decision.

## IV

Even though the court has held that the potential attorney fees award should be accorded administrative status, the court declines to hold that the bankruptcy judge has the equitable authority under 11 U.S.C. § 105 to require that the trustee post a bond in the case at bar.

11 U.S.C. § 105 states:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). To support its proposition that this section of the Bankruptcy Code gives the bankruptcy judge the equitable authority to require that the trustee in this case post a bond, Appellant cites only one case, *In re Kletschka Electric, Inc.*, 127 B.R. 450 (Bkrtcy.W.D.Mo.1991). This case has not been relied upon by any court prior to this decision.

In *Kletschka*, the plaintiff, Kletschka Electric, filed for reorganization under Chapter 11. *Id.* at 451. Later, Kletschka filed an adversary complaint against MW Builders of Kansas for improper termination of a post-petition construction contract. *Id.* In response, the defendant filed a motion for security costs asserting that state law required that a nonresident plaintiff must provide security costs. *Id.* In the alternative, defendant asserted that the bankruptcy court had the inherent authority to require security costs when warranted by the circumstances. *Id.*

Relying on state law, not its supposed power under § 105, the *Kletschka* court required that Kletschka make a security deposit before pursuing the litigation. *Id.* at 453–453. In dicta, the court reasoned that since it had the authority to award costs to a prevailing party under Bankruptcy Rule 7054(a), it also had the authority to require that security be posted to insure that said costs will be paid once it awards them. *Id.* at 451. The court admitted, however, that "such power is not specifically bestowed by statute or rule and * * * *probably* is one of those 'inherent powers' granted Bankruptcy Judges by 11 U.S.C. § 105." *Id.* (emphasis added). In addition, the court stated that "§ 105 should be used sparingly and cautiously, lest it become abused and overused." *Id.*

This court respectfully declines to follow the *Kletschka* decision given the circumstances in the case at bar. It is well-settled that the trustee may pursue a claim or continue any pending action on behalf of the estate. Bankr.R. 6009; see also *American Foods v. Dezauche*, 74 F.Supp. 681, 682

---

1. Beyond Words has cited one case, *In re Christian Life Center*, 821 F.2d 1370 (9th Cir.1987), from the Ninth Circuit to support its proposition that the potential award of attorney fees in this case is properly considered a pre-petition claim. That case, however, is distinguishable. There, a group of attorneys represented a corporate officer of a Chapter 11 debtor in a separate matter. *Id.* at 1372. They then sought administrative expense priority for payment of their fees based on the debtor's duty to indemnify its officers. *Id.* The court held that claims for indemnification or contribution based upon a pre-petition contract or transaction are pre-petition claims. *Id.* at 1374. In the case at bar, the trustee is pursuing a claim post-petition. Any fees appellant incurs defending the claim will be the result of the trustee's post-petition activities. In *Christian Life Center*, the attorney fees were not the result of a post-petition activity of the trustee. Rather, a third party represented an officer of the debtor after the petition was filed. Since the activities that triggered the estate's duty to indemnify the officer occurred prior to the filing of the bankruptcy petition, the court properly held that the claim for attorney fees was a pre-petition claim.

(W.D.N.Y.1947). As the bankruptcy court noted, had Beyond Words not filed for bankruptcy, appellant could not have asked a court to require that Beyond Words post a bond. This is true even if Beyond Words pursued the claim while insolvent. Accordingly, the bankruptcy trustee should not be treated differently.

Appellant has cited no state law which would have required that Beyond Words post a bond before pursuing its claim against appellant. In addition, there is no statute or rule in the Bankruptcy Code that gives the bankruptcy judge express authority to require a trustee post a bond before pursuing a claim on behalf of the estate. Furthermore, appellant has cited no other authority other than *Kletschka* for the proposition that a bankruptcy judge does have such "inherent authority." Accordingly, the decision of the bankruptcy court denying appellant's request that Beyond Words' trustee post a bond before pursuing the estate's claim against appellant is AFFIRMED.

IT IS SO ORDERED.