In re HEALTHCO INTERNATIONAL,
INC., Debtor.

Hicks, Muse & Co., Inc., et al Gemini
Partners, L.P. and Lazard Freres
& Co., LLC, Appellants,

v.

William A. Brandt, Jr.,
Trustee Appellee.

Nos. MW 01–040 to MW 01–042.

United States Bankruptcy Appellate Panel
of the First Circuit.

Feb. 1, 2002.

David Lee Evans, D. Ethan Jeffery,
Boston, MA, Mark N. Parry, New York

City, Arnold P. Messing, E. Kenly Ames, Boston, MA, Thomas G. Rafferty, New York City, for appellants.

Daniel C. Cohn, David B. Madoff, Boston, MA, for appellee.

Before HAINES, DEASY & KORNREICH, U.S. Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

In this consolidated proceeding the appellants challenge the bankruptcy court's order determining that costs awarded to them following their successful defense of actions initiated by the Chapter 7 trustee in the U.S. District Court are general unsecured claims, not entitled to administrative priority. For the reasons set forth below, we reverse.

### *Introduction*

Healthco International, Inc., filed a voluntary Chapter 11 petition on June 9, 1993. The case was converted to Chapter 7 on September 1, 1993. William A. Brandt was appointed trustee shortly thereafter.

In June 1995, Brandt initiated suit against multiple defendants, alleging that a pre-bankruptcy leveraged buyout of Healthco was a fraudulent transaction. Brandt's complaint sought to impose liability against various persons and entities for their respective roles in the buyout transaction. A number of defendants settled with Brandt. The appellants [1] did not, and they prevailed against Brandt after a 27–day jury trial in the U.S. District Court.[2] As prevailing parties, the appellants sought, and received, orders for costs from the district court pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920.[3] The Lazard Freres cost award was $62,283.62. The Gemini Partners award totaled $89,511.40. The Hicks, Muse Defendants' costs were allowed in the amount of $129,367.70.

When Brandt declined the appellants' requests that their allowed costs be paid pursuant to the district court's orders, they filed motions in the bankruptcy court asking that the costs bills be recognized as administrative expenses and paid, with interest, at once. In a one-page order dated

---

1. The appellants are the so-called "Hicks, Muse Defendants:" Hicks, Muse & Co. (TX), Inc., formerly known as Hicks, Muse & Co., Inc., Healthco Holding Corp., formerly known as HMD Holding Corp., Thomas O. Hicks, John R. Muse, and Jack E. Furst; as well as Gemini Partners, L.P. and Lazard Freres & Co., LLC. As their interests and arguments are identical, they henceforth will be referred to collectively.

2. The district court's judgment was affirmed by the First Circuit. *See Brandt v. Wand Partners*, 242 F.3d 6 (1st Cir.2001).

3. Rule 54(d) provides, in pertinent part:
   (d) Costs ... (1) Costs Other Than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs....
   Section 1920 of Title 28 provides:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

May 22, 2001, the bankruptcy court ruled that the appellants' entitlements were general, unsecured claims and, therefore, not entitled to priority payment. This appeal ensued.

### Jurisdiction

The order denying appellants' request for administrative priority and demand for payment is a final order. *See In re Saco Local Dev. Corp.*, 711 F.2d 441 (1st Cir. 1983) (discussing principles of finality for purposes of bankruptcy appeals); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643 (1st Cir. BAP 1998) (same). We have jurisdiction pursuant to 28 U.S.C. § 158(a) & (b).

### Standard of Review

■ The appellants challenge only the bankruptcy court's legal conclusions. We exercise *de novo* review over questions of law. *United States v. Yellin (In re Weinstein)*, 272 F.3d 39, 42 (1st Cir.2001); *Aetna Cas. & Sur. Co. v. Markarian (In re Markarian)*, 228 B.R. 34, 35 (1st Cir. BAP 1998).

### Discussion

The bankruptcy court concluded that, because the appellants' claims for costs "arise out of the Chapter 7 Trustee's non-frivolous pursuit of recovery for the claimants' allegedly actionable prepetition conduct, all in the due course of the Trustee's liquidation and administration of [Healthco's] estate," the outcome was controlled by *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir.1976), and *Woburn Assocs. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 6–7 (1st Cir.1992). The court determined that the appellants could not prevail under those authorities.

*Mammoth Mart*, a pre-Code decision, retains vitality as the First Circuit's signal articulation of the distinction between prepetition claims and postpetition claims entitled to administrative priority. It stands for the proposition that claims founded on executed prepetition contracts are prepetition claims, even though the right to payment may not have accrued until after bankruptcy's commencement. *In re Mammoth Mart, Inc.*, 536 F.2d at 954–55.

■ *Hemingway* applied *Mammoth Mart's* teachings to a claim for attorneys' fees from a party who had successfully defended a Chapter 7 trustee's postpetition action seeking indemnification for certain environmental clean-up costs. The defendant/claimant prevailed against the trustee on summary judgment, and, relying on a pre-bankruptcy indemnification agreement with the debtor, received an attorneys' fees award. It then sought administrative priority treatment for the award. *In re Hemingway Transport, Inc.*, 954 F.2d at 4. The bankruptcy court denied the request for administrative priority because the fee award arose under the terms of the prepetition indemnification agreement. *Id.* The district court affirmed, as did the First Circuit. The court of appeals explained that a claim will generally qualify for administrative expense treatment if:

> (1) the right to payment arose from a postpetition transaction with the debtor estate, rather than from a prepetition transaction with the debtor, and (2) the consideration supporting the right to payment was beneficial to the estate of the debtor.

*Id.* at 5. Claims without the required components may qualify for administrative treatment only in limited circumstances, where "fundamental fairness" requires it. *Id.* More specifically, entities "injured" by the debtor-in-possession's business operations may receive priority payment, even though their claims did not arise from

"transactions" necessary to preserve or rehabilitate the estate. *Id.* at 5–6 (elucidating the so-called *"Reading* exception," citing *Reading Co. v. Brown* 391 U.S. 471, 477, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), and the extension of the *Reading* exception effected in *Spunt v. Charlesbank Laundry, Inc. (In re Charlesbank Laundry, Inc.),* 755 F.2d 200, 203 (1st Cir. 1985)). In a nutshell, the "fundamental fairness" exception is recognized when the debtor's postpetition operations occasion tortious injuries to third parties *(Reading* ), or when the claim arises from postpetition actions that deliberately violate applicable law and damage others *(Charlesbank* ).[4]

The bankruptcy court considered that appellants' claims arose from the trustee's liquidation and collection of estate assets (causes of action) arising from prepetition transactions and occurrences. It concluded that appellants had established neither garden variety administrative priority nor the requisites for exceptional, "fundamental fairness" administrative treatment.

■ Although we agree that the claims the trustee pursued were rooted in prebankruptcy events, and although we agree that the fundamental fairness exceptions do not apply, those factors are beside the point. The appellants' claims for costs are

entitled to administrative priority under the express, unambiguous terms of the pertinent statutory provision.

The Bankruptcy Code's Chapter 7 distribution scheme is established by § 726(a), which references § 507.[5] Administrative claims entitled to first priority are specified in § 507(a)(1):

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, *and* any fees and charges assessed against the estate under Chapter 123 of title 28 [28 U.S.C. §§ 1911 *et seq.* ].

11 U.S.C. § 507(a)(1) (emphasis supplied). As "charges assessed against the estate," the appellants' claims for costs assessed by the district court after their successful defense of the trustee's action fit the statute precisely.[6] We reject Brandt's argument that the word "and" in § 507(a)(1) must be read to require that any such assessment be accompanied by, or bound up with, a § 503(b) claim. If it were to be so read, the converse would apply: no administrative expense allowance could receive first priority unless it were accompanied by an assessment of costs—a patently absurd proposition. Such claims are not routinely litigated to judgment.[7]

---

4. We acknowledge that some courts have criticized the First Circuit's *Mammoth/Hemingway* model as unduly restricting the notion of administrative claim. *See, e.g., In re Beyond Words Corp.,* 193 B.R. 540, 546–47 (N.D.Cal. 1996) (administrative status would be accorded anticipated attorneys' fees, to accrue under a pre-bankruptcy contract, as a result of postpetition litigation to be initiated by trustee). However, our circuit law is clear and, in the end, such criticisms are beside the point for today's purposes.

5. All references to the "Bankruptcy Code" or the "Code" are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101 *et seq.* Unless otherwise indicated, all citations to

statutory sections refer to sections of the aforementioned Code.

6. As costs assessed under 28 U.S.C. § 1920, *supra* n. 3, there can be no contest that they fit § 507(a)(1)'s exact cross-reference.

7. Moreover, chapter 123 of title 28, to which § 507(a)(1) refers, includes, in addition to 28 U.S.C. § 1920 (under which the costs at issue here were assessed), 28 U.S.C. § 1930, which sets fees that may be charged in bankruptcy cases and authorizes the Judicial Conference to prescribe additional fees, including the U.S. Trustee's fee in Chapter 11 cases. *See* 4 Lawrence P. King, Ed., *Collier on Bankruptcy* ¶ 507.03 at 507–23 (15th Ed.Rev.) (2001).

Our conclusion is consistent with *Hemingway's* teachings. *Hemingway* rejected the claim for administrative treatment of an attorney's fees award because the claimant's fee entitlement sprang from the terms of its prepetition indemnity agreement with the debtor. *In re Hemingway Transport, Inc.*, 954 F.2d at 4–5. The bankruptcy court had expressly found that the trustee's third party complaint was not "frivolous and ill-advised," *id.* at 4, and the court of appeals observed:

> [The claimant] was not awarded attorney fees in its postpetition third party action with the trustee in bankruptcy. Instead, its § 503(a) request for payment of its attorney fees as an administrative expense was based entirely on its *prepetition* lease indemnification agreement with Hemingway.

*Id.* at 5 n. 4. Thus, *Hemingway* strongly intimated that, had fees been assessed as a consequence of the litigation, rather than awarded as an entitlement under the prepetition contract, a different result might have obtained.[8]

The appellants ask that we direct the bankruptcy court to order the trustee to pay them at once. We hesitate to venture so far. The record is unclear as to the estate's present resources and the bankruptcy court, having concluded that administrative priority did not apply, has yet to consider the question.

Therefore, the bankruptcy court's order determining that appellants were not entitled to administrative priority under § 507(a)(1) for the Bills of Costs assessed by the district court is REVERSED, and the case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

---

8. We will not tarry with Brandt's counsel's assertion at oral argument that, in the court below, the appellants did not pursue the line of argument we find convincing. We have perused the record and are satisfied that, although both parties were sidetracked with arguments about *Hemingway's* import, the appellants cited § 507(a)(1) and sought payment under its terms.